[No. 6671.   Decided March 20, 1907.]

THE STATE OF WASHINGTON, *on the Relation of John D. Atkinson, as Attorney General, Appellant,* v. E. W. Ross, *as Commissioner of Public Lands, et al., Respondents.*[1]

MUNICIPAL CORPORATIONS — ORDINANCE — PASSAGE — MEETINGS OF CITY COUNCIL. An ordinance is not void on the ground that it was passed at the meeting at which it was introduced, contrary to a clause in a city charter, which further provided that the council shall meet on the first Monday of each month and shall not adjourn to any other place than its regular place of meeting, where it appears that the ordinance was introduced at a meeting of the city council on January 22, and passed at a meeting held on January 29, that the council had held a meeting on Monday evening of each week since the adoption of the charter, adjourning at each session until the next Monday evening, at which the regular order of business was followed, and where the council had a right to call special meetings, and adjourned *sine die* only on the last meeting of each two-year term; since its practice relating to adjournments was in effect the calling of special meetings, which were treated as regular meetings, under the liberal construction of the provisions required by statute.

SAME—BONDS—ISSUANCE—SUBMISSION TO VOTERS—NOTICE. Charter provisions with respect to the passage of an ordinance providing for the submission to the electors of a proposition to issue bonds are not mandatory when not of the essence of the thing to be done; and where the essential step in the proceedings—notice of the election—is duly taken and the rights of taxpayers are not prejudiced, bonds authorized by the election will not be invalidated by regarding adjourned meetings of the council as a continued meeting when the same were not so intended.

[1]Reported in 89 Pac. 158.

Appeal from a judgment of the superior court for Thurston county, Rice, J., entered November 13, 1906, upon findings in favor of the defendants, after a trial on the merits, dismissing an action to enjoin the board of state land commissioners from investing state funds in certain municipal bonds. Affirmed.

*The Attorney General,* and *A. J. Falknor* and *J. B. Alexander, Assistants,* for appellant.

*Scott Calhoun* and *Elmer E. Todd,* for respondents.

DUNBAR, J.—This action was brought in the superior court of Thurston county, by the state of Washington on relation of its attorney general, against the board of state land commissioners, to enjoin the board from investing moneys of the permanent school fund of the state in an issue of general city bonds of the city of Seattle in the amount of $600,000, which bonds were authorized by an ordinance of the city council of Seattle, after the submission to the qualified voters of said city of the question of the issuance of such bonds, and upon a favorable vote thereon. The petition alleged that, on January 29, 1906, the city council attempted to pass an ordinance specifying and adopting a plan for enlarging and extending the municipal light plant of said city and authorizing an indebtedness therefor, submitting the same for ratification or rejection to the qualified voters of said city at an election to be held; that such ordinance was passed at a meeting which was an adjourned session of the same meeting at which such ordinance was introduced, and that the passage of such ordinance at such adjourned meeting was in violation of the charter provision of the city of Seattle, providing that no ordinance other than for appropriation for salaries or current expenses should be passed on its final reading at the meeting at which it is introduced. This is the only question in the case. The court held that the bonds were legal, and judgment of dismissal was rendered, from which this appeal is taken.

It appears from the findings of fact, which are undisputed, that the charter of the city of Seattle provides that the council shall meet on the first Monday of each month, that all its sessions shall be public, and that it ·shall not adjourn to any other place than its regular place of meeting; that no bill shall become an ordinance unless on its final passage at least a majority of all the members elected vote in its favor; that the ordinance providing for the issuing of the bonds under discussion was introduced at a meeting of the city council held January 22, 1906, was read the first time and referred to the appropriate committee; that on January 29, 1906, the city council held a meeting, and at said meeting read said ordinance a second and third time and passed the same, after a vote of all the councilmen present, eleven of said councilmen being present and two being absent, it further appearing that the two councilmen who were absent at the time of the passage of the ordinance were present when the ordinance was introduced and read the first time. It also appears, that the city council of the city of Seattle has held a meeting on Monday evening of each week, and at each session adjourned until the next Monday evening, unless for some reason a meeting was called on some previous night; that the council has met on every Monday evening since the adoption of said charter, except during the month of August of one or two years, when there was no meeting on account of vacation.

The findings of fact show that there were many meetings of the city council during the month of January, 1906, and while it is true that those meetings were pursuant to adjournment, it does not necessarily follow that they were adjourned or continued meetings in the sense that they all constituted one and the same meeting. It is conceded that the council had a right to call special meetings, and it is settled by authority that any business may be transacted at a special meeting, and that the purpose of the meeting need not be stated unless the law requires it, and it is conceded that the

charter of Seattle does not require it.   What the council did,
in effect, when it adjourned on motion, was to call a special
meeting.   This intention was simply expressed by the motion
for adjournment to a certain time.   It is true that ordinarily
this might technically constitute an adjourned meeting, but
the facts show that such was not the intention in this case,
for the council met regularly every Monday evening, and in-
stead of commencing the business where it left off at the
previous meeting, the manner of transacting the business
showed that it was intended to be treated as a regular meet-
ing, the business being transacted as follows:   1. Roll call.
2. Approval of the journal.   3. Special order.   4. Communi-
cations and reports from city officers.   5. Petitions and re-
monstrances.   6. Reports of standing committees.   7. Intro-
duction of resolutions.   8. Introduction of bills by commit-
tees.   9. Introduction of bills by members.   10. First read-
ing of bills.   11. Second reading of bills.   12. Third read-
ing of bills.   13. Unfinished business.   14. Other business.
The court also found that it was generally known through-
out the city of Seattle and by its citizens that the city coun-
cil of the city of Seattle regularly held its meetings on Mon-
day evening of each week, and that the council had only
adjourned *sine die* on the last meeting of each two years'
term.   So that the council evidently did not give much con-
sideration to the parliamentary language used in the motion
to adjourn, and if bound to the technical meaning of such
language, could be held to have had only one regular meet-
ing in two years, a construction which, of course, the coun-
cil did not place upon its proceedings, and which a court would
not be authorized to place upon them.

The rule of strict construction contended for by appellant
cannot obtain under the express provisions of the statute.
The act providing for the incorporating of cities of the first
class, Pierce's Code, § 3735 (Bal. Code, § 742), provides that
the rule that statutes in derogation of the common law are to
be strictly construed shall have no application to this act, but

the same shall be liberally construed for the purpose of carrying out the objects for which this act is intended. Again, the passing of the ordinance was not the most essential step in the proceeding. The most essential thing was the notice which was given to the taxpayers, and the exercise of their right to vote upon the question of the issuing of the bonds. It is not contended that the notice was not regularly given and the election regularly held in all respects. It was said by the supreme court of California, in *Derby & Co. v. Modesto*, 104 Cal. 515, 38 Pac. 900, where the ordinance was introduced and passed at the same meeting at which it was introduced, and where it was contended that the bonds were thereby invalidated, the laws of California requiring that no law should be passed on the day of its introduction or five days thereafter, that the purpose of the requirement was to give time for consideration with a view to prevent hasty and ill-considered legislation; that the whole machinery of the act was framed with a special view to the intelligent action of the voters of the municipality in whose hands rests the power to authorize or refuse to authorize the incurring of the proposed indebtedness; that the whole proceeding from beginning to end was a single specific proceeding for the accomplishment of a single special purpose. This court in *Parkinson v. Seattle School District*, 28 Wash. 335, 68 Pac. 875, approvingly quotes from that case the following language:

"Those directions which are not of the essence of the thing to be done, and by the failure to obey which the rights of those interested will not be prejudiced, are not to be regarded as mandatory."

The voters having received the notice required by law, having been permitted to express their choice on the question proposed in the manner prescribed by law, and the acts and proceedings of the council showing that it was not intended that the weekly Monday evening meetings of the council should be continued meetings, notwithstanding the manner

of adjournment, no provision of the law was violated, and the judgment of the court is affirmed.

HADLEY, C. J., MOUNT, CROW, ROOT, and FULLERTON, JJ., concur.