(No. 5451. November 13, 1930.)

JAMES R. LUSK, Appellant, v. BOISE CITY, a Municipal Corporation, and ANGELA HOPPER, Clerk of Said City, Respondents.

[292 Pac. 1100.]

S. L. Tipton and Ira E. Barber, for Appellant.

Clarence T. Ward and Karl Paine, for Respondents.

McNAUGHTON, J.—This is an action to declare illegal the special assessments and to enjoin the issuance of the special improvement bonds of Gutter Improvement District No. 1, of Boise City.

Judgment was for the city, dismissing the complaint.

The proceedings of the city council were attacked in the lower court, and by appropriate assignments are attacked here, principally upon the ground that the resolution declaring intention was introduced and passed on the day it was presented, as also was the ordinance creating the local improvement district, in violation of sec. 37 of the Charter,

in that no emergency existed authorizing the passage of the resolution in one day, and authorizing the passage of the ordinance creating the improvement district in one day; also in that the ordinance could not become effective so that bids could be advertised and called for before ten days after its passage.

The trial court ruled that sec. 37 of the Charter was not applicable, and further, if applicable, the action was barred by subdivision 21 of sec. 48 of the Charter. The authority and methods by which the Boise City council may spread special assessments, pursuant to which improvement bonds may be issued, is found in sec. 48 of the Special Charter for Boise, enacted by H. B. No. 36, Local Special Laws of 1927. Subdivision 4 of sec. 48, in part, provides:

"The city council shall, before or during the grading, paving or other improvement of any street or alley, the cost of which is to be levied and assessed upon the property benefited, first pass at a regular or special meeting, a resolution or ordinance declaring its intention to make such improvement. . . . .

"It shall be the duty of such clerk to cause such resolution to be published in the official newspaper of the municipality in at least two consecutive issues before the time fixed in such resolution for filing such protests, and affidavit of such publication shall be filed on or before the time fixed for such filing."

Subdivision 5 of sec. 48, in part, provides:

" . . . . If no such protest is filed, or if such protest is filed and three-fourths of the council shall vote to proceed with such work, the council shall proceed to consider the same and shall then or at a subsequent time proceed to enact an ordinance for such improvement."

Subdivision 21 of sec. 48 provides:

"No suit to set aside the special assessment or to enjoin the making of the same shall be brought nor any defense to the validity thereof be allowed after the expiration of 30 days from the time the amount due on each lot or piece

of ground liable for such assessment is ascertained or confirmed by the council.''

Section 37 of the Special Charter, in part, provides:

''No ordinance or resolution shall be passed finally on the day it is introduced, except in case of public emergency and then only when requested by the mayor and approved by the affirmative votes of three-fourths of all the members of the council.''

The trial court ruled that sec. 48 of the Charter provides a special proceeding complete in itself whereby special improvement districts may be formed, special assessments for such improvements may be made, and bonds thereon may be issued by the city authorities, and that sec. 37 of the Charter does not apply. It is quite apparent sec. 37 does not contemplate either of two special ordinances like these referring to a single subject, where one is complementary to the other, but refers to ordinary complete ordinances which may be finally passed on the day introduced.

We think that where the legislature, by the statute granting the power to make street improvements and assess the costs thereof as special benefits against the abutting property, clearly and completely specifies the methods to be adopted in carrying out the power granted, then such statute is complete in itself and its provisions may be followed, and when followed, the proceedings are legal. Other general provisions granting general powers to the council and specifying the manner in which such acts are to be carried out may, when inconsistent, be disregarded. (*Caldwell v. Village of Mountain Home*, 29 Ida. 13, 156 Pac. 909; *Derby v. City of Modesto*, 104 Cal. 515, 38 Pac. 900; *State ex rel. Atkinson v. Ross*, 46 Wash. 28, 89 Pac. 158; *In re Validation of East Bay Municipal Utility Dist. Water Bonds*, 196 Cal. 725, 239 Pac. 38; *King v. Armstrong*, 9 Cal. App. 368, 99 Pac. 527; *Martin v. City of Oskaloosa*, 126 Iowa, 680, 3 Ann. Cas. 651, 102 N. W. 529.)

The full and plenary power of the legislature to confer the authority in question on the municipal corpora-

tion and direct the manner of its exercise, if the proceeding affords due process, cannot be doubted. In this case it is not claimed the city council did not follow in detail the complete procedure directed by the provisions of the statute conferring the special power. Clearly they did this. Having done so their proceedings are valid.

Having accepted the view that sec. 37 of the Charter is not part. of the proceedings contemplated and required in the exercise of the special powers conferred by sec. 48 of the Charter, it will not be necessary to consider the other points raised.

Judgment is affirmed. Costs to respondent.

Givens, C. J., and Budge, Lee and Varian, JJ., concur.