OF

## THE STATE OF IOWA,

AT

## DES MOINES, OCTOBER TERM, A. D. 1893,

AND IN THE FORTY-SEVENTH YEAR OF THE STATE.

---

THE STATE OF IOWA, Appellee, v. JOSHUA BURK, Appellant.

1. **Statutes**: REPEAL. When a section of a statute has been amended and afterwards the section, "as amended," is repealed, the effect is to repeal, not only the amendment, but the original section also.

2. ———: CONSTRUCTION: STATEMENTS OF LEGISLATORS: EVIDENCE. In construing a section of the pharmacy law, the intention of the legislature must be ascertained from the law itself, and evidence of an alleged understanding with the pharmacy commission, or of statements of legislators, can not be considered, and is not admissible.

3. **Practice**: OMITTED TESTIMONY: READING EVIDENCE: RECALLING WITNESS. In a criminal prosecution, after the arguments were closed, the court suggested to the county attorney that he had failed to prove a material allegation, but the latter claimed that he had proved it by the witness M. The court then caused the reporter to read the testimony of M. in the presence of the jury, and it thus appeared that the

(661)

allegation had not been proved, whereupon the county attorney was permitted to recall M., and establish the point omitted. *Held,* that there was no abuse of the discretion of the court, and nothing of which the defendant could complain.

4. **Criminal Evidence**: WITNESSES NOT BEFORE GRAND JURY: ERROR WITHOUT PREJUDICE. Error in admitting the testimony of witnesses who were not before the grand jury, and whose names were not on the indictment, and of whose evidence legal notice has not been given, is without prejudice, where the defendant in his testimony does not deny, but admits, every material allegation testified to by such witnesses.

5. ———: VENDING MEDICINES WITHOUT LICENSE. On the trial of an indictment for vending medicines without a license from the commission of pharmacy, evidence of sales and professions made by the defendant to other persons than the one named in the indictment, at or before the time charged, is competent to show that the defendant was an itinerant vender, and that his professions were public.

*Appeal from Davis District Court.*—HON. J. C. MITCHELL, Judge.

TUESDAY, OCTOBER 3, 1893.

The defendant was charged by indictment as follows: "The said Joshua Burk, on the seventh day of September, A. D. 1891, in the county and state aforesaid, did then and there sell and vend liniments, nostrums, ointments and other drugs to one Asa Hale, the said Joshua Burk then and there being an itinerant vender of said drugs and nostrums, and did then and there publicly profess to said Asa Hale, to whom he then and there sold said drugs and nostrums, that the said drugs and nostrums then and there sold would cure diseases, injuries and deformities, the said Joshua Burk then and there not being licensed as an itinerant vender of drugs, nostrums and ointments as required by statute." The defendant having pleaded not guilty the case was tried to a jury, and a verdict of guilty returned. The defendant's motion for a new trial being overruled, judgment was entered on the verdict, from which the defendant appeals.—*Affirmed.*

*McCrary & Craig* and *Eichelberger & Taylor*, for appellant.

*John Y. Stone*, Attorney General, and *Payne & Sowers*, for the State.

GIVEN, J.—I. This prosecution is under section 10, chapter 75, Acts of the Eighteenth General Assembly,

1. STATUTES: repeal.

as amended in section 2, chapter 137, Acts of the Nineteenth General Assembly, and section 3, chapter 83, Acts of the Twenty-first General Assembly. The section, as amended, provides as follows: "Any itinerant vender of any drug, nostrum, ointment or appliance of any kind, intended for the treatment of diseases or injury, who shall by writing or printing, or any other method, publicly profess to cure or treat diseases or injury or deformity, by any drug, nostrum, manipulation or other expedient, shall pay a license of one hundred dollars per annum, to be paid to the treasurer of the commission of pharmacy, whereupon the secretary of said commission shall issue such license for one year. Any person violating this section shall be deemed guilty of a misdemeanor and shall, upon conviction, pay a fine of not less than one hundred nor more than two hundred dollars." McClain's Code, section 2532.

It appeared without question on the trial that, at and for several years prior to the time charged, the defendant was in the employ of S. F. Baker & Co., manufacturers of proprietary medicines at Keokuk, Iowa; that he traveled with a team and wagon carrying the medicines manufactured by said company and selling the same from house to house to whomsoever would purchase. The defendant did not hold himself out as a physician, nor assume to determine what the ailments of people were, but he did distribute printed circulars, issued by Baker & Co., representing their medicines to be cures for certain diseases named in the circulars, and the

defendant represented that the medicines were as recommended. Section 12 of said Acts of the Eighteenth General Assembly provided that that act should not apply to the sale of proprietary medicines. Said section was amended by section 4 of said Acts of the Nineteenth General Assembly by adding the following words: "Manufactured in the state when same are sold and distributed by agents from an established place of business." Said section 12 as amended, was repealed by section 4 of said Acts of the Twenty-first General Assembly, and the following enacted in lieu thereof: "Sec. 12. Physicians dispensing their own prescriptions only, are not required to be registered pharmacists, provided that nothing in this act shall prevent any person not a registered pharmacist or not holding a permit from keeping or selling proprietary medicines, and such other domestic remedies as do not include any intoxicating liquors or poisons." The appellant contends that said section 12, as originally enacted, is not repealed but only the amendment thereto, made by the Acts of the Nineteenth General Assembly, and therefore the act does not apply to the sale of proprietary medicines. The repeal is not of the amendment alone, but expressly of said section 12, "as amended." It is entirely clear, under this view of the law and the undisputed facts, that the defendant was amenable to pay the license provided, and if he did not do so, was guilty of the misdemeanor charged.

II. The appellant offered to prove by E. S. Baker that, at his request, a provision exempting manufacturers of proprietary medicines from the provisions of the act was agreed to by the pharmacy commission, and incorporated in the original bill; also to prove certain statements of the committeemen at the time the law was passed as to its effect. The appellant complains of the refusal to admit this evidence, but fails to point out any reason for

2. ——: construction: statements of legislators: evidence.

the complaint. Surely, in such a case as this, the statute is not to be restricted or expanded in its operation by agreements with the pharmacy commission, or construed according to the statements of legislators, except as they have expressed their intention in the law itself. There was no error in excluding this evidence.

III. After the arguments were closed, the court suggested to the county attorney that he had failed to prove that the defendant had no license. The county attorney claimed that it was for the defendant to show that he had a license. He also claimed that he had proved by the witness Mitchel that the defendant admitted to him that he had no license. The court caused the reporter to read the testimony of Mitchel in the hearing of the jury, and, it appearing that Mitchel had not so testified, and the county attorney stating that he had omitted by oversight to question Mr. Mitchel on that subject, he was permitted to recall Mr. Mitchel, and prove by him that defendant said he had no license. It was within the discretion of the court to allow the witness to be recalled, and there was no abuse of that discretion. The court had a right to inform itself as to what had been proved by causing the evidence to be read, and it was not prejudicial to the appellant that it was read in the hearing of the jury, as it was already before the jury.

*8. PRACTICE: omitted testimony: reading evidence: recalling witness.*

IV. The state was permitted, over the appellant's objection, to examine in chief three witnesses who were not before the grand jury, and none of whose names were upon the indictment. The appellant's objections were that no proper notice had been served, and, for the reason that since the indictment charges selling to Asa Hale alone, testimony of sales to any other person would not be competent. Notices that these witnesses would

*4. CRIMINAL evidence: witnesses not before grand jury: error without prejudice.*

be examined were served upon the defendant in person
October 11, and on October 12 the trial was commenced
without any motion by the state for leave to introduce
this evidence, and without any demand on the part of the
defendant for a continuance.   As to the last one of the
three examined, there was no other notice; but, as to
the other two, notices in due form were served more
than four days before commencement of the trial, by
reading the same to the defendant's wife, and leaving
copies thereof with her at the defendant's house.   The
first of these witnesses examined, testified that the
defendant was selling medicines, and that he purchased
from him condition powders which the defendant'
recommended as good for cattle and horses.   The sec-
ond witness testified that the defendant was traveling,
selling Dr. Baker's make of medicines; that she
bought some of the medicines; that the defendant gave
her a circular like the one in evidence, and said that
the medicines would do what the circular and directions
said.   The third witness stated that, on the prelimi-
nary trial, the defendant testified that he was selling
Dr. Baker's medicines from house to house on the
recommendation of the circular in evidence, which he
distributed, and that the medicines were good for what
they were recommended in the circular.   The defendant,
in his testimony, states that he was selling Dr. Baker's
medicines from house to house to all who were willing
to buy; that he distributed circulars such as that in
evidence; that he never inquired after their diseases;
that he sometimes told them what kind of medicines
he had, and what they were recommended for; and
that his recommendations were simply that the medi-
cines were good for the diseases named in the circular.
The court instructed the jury not to consider the evi-
dence in relation to the sale of preparations for stock.
It will be observed that, while the defendant was not
examined as to the transactions and declarations related

by these three witnesses, he does not deny them, and admits every material fact testified to by them.   While it may be true, as stated in the objections, that proper notice had not been served, and that it was error to permit these witnesses to be examined, it was error without prejudice to the defendant, as their statements of material facts were not only uncontroverted, but were, in effect, admitted, by the defendant.

V. Evidence of sales and professions made to other persons at or before the time charged was com-

5. ——: vending medicines without license.

petent to show that the defendant was an itinerant vender, and that his professions were public.   The court properly instructed that, under this indictment, the jury must find that the defendant did make a sale to Asa Hale.

Our conclusion is, that there was no error prejudicial to the defendant, and that the judgment of the district court should be AFFIRMED.