The People of the State of New York, Respondent, *v.* William J. Smith, Appellant.

*Plea of guilty — Code of Criminal Procedure, § 332 — statutory construction.*

Section 332 of the Code of Criminal Procedure does not prohibit a person from pleading guilty of any crime whatever, but simply provides that no man shall be convicted upon such a plea where the punishment is by death or imprisonment for life.

Courts are bound to construe a statute under the well-settled rules of statutory construction without regard to the intention of the man who drafted the law.

APPEAL by the defendant, William J. Smith, from an order of the Supreme Court, made at the Kings County Oyer and Terminer and entered in the office of the clerk of the county of Kings on the 26th day of January, 1894, dismissing a writ of habeas corpus.

On November 21, 1890, William J. Smith was indicted, charged with having shot and killed· one John Carroll in November, 1888. Such indictment charged him with the crime of murder in the first degree. He was arraigned and pleaded not guilty to the indictment in February, 1891. In March, 1891, he was placed on trial on such indictment, and the trial resulted in a disagreement of the jury. In December, 1891, a plea of guilty of the crime of manslaughter in the second degree was entered through his counsel, and thereafter Smith was sentenced under such plea to ten years' imprisonment in the Kings County Penitentiary. On January 26, 1894, Smith was brought before the Court of Oyer and Terminer by a writ of habeas corpus, which was thereafter by an order of the court dismissed.

*Stapleton & Miles,* for the appellant.

*James W. Ridgeway, District Attorney,* and *John F. Clarke, Assistant District Attorney,* for the respondent.

PRATT, J.:

There is no merit in the contention urged by the appellant. Section 35 of the Penal Code provides as follows : " Upon the trial of an indictment the prisoner may be convicted of the crime charged therein, or of a lesser degree of the same crime, or of an attempt to commit the crime so charged, or of an attempt to commit a lesser degree of the same crime." This section speaks for itself. Section 332 of the Code of Criminal Procedure provides that no conviction shall be had upon a plea in cases where the crime is punishable by death or imprisonment for life.

The appellant was not *convicted* of any such crime, but of one punishable for a term of years. Section 332 of the Code of Criminal Procedure does not provide· that a man may not plead guilty of any crime whatever, but simply that no man shall be *convicted* upon such a plea where the punishment is by death or imprisonment for life.

The matter is too simple and plain to require argument. It may be added that courts are bound to decide, under well-settled rules of statutory construction, without regard to what was the intention of the man who drafted the law.

The order should be affirmed.

BROWN, P. J., and DYKMAN, J., concurred.

Order affirmed.