[Civ. No. 528.   Second Appellate District.—November 19, 1908.]

ALBERT S. KING, as Receiver of the First National Bank of Frankfort, Kansas, Appellant, v. W. W. ARM-STRONG, Respondent.

CORPORATIONS—LIABILITY OF STOCKHOLDERS—ASSESSMENT UPON STOCK OF INSOLVENT NATIONAL BANK—ACTION BY RECEIVER—STATUTE OF LIMITATIONS.—An action by the receiver of an insolvent national bank in Kansas, brought in a court of this state to enforce an assessment levied upon its stockholders in pursuance of the laws of the United States, against one of its stockholders resident in this state, is an action against such stockholder to enforce a liability

created by law, and is barred by the lapse of three years after such liability was created, under section 359 of the Code of Civil Procedure.

ID.—EFFECT OF ABSENCE FROM STATE.—The general exception in case of absence from the state under section 351 of the Code of Civil Procedure applies only to other limitations; but is expressly negatived in its application to a suit against any of the stockholders of a corporation under section 359 of that code.

ID.—STATUTORY CONSTRUCTION—GENERAL AND SPECIFIC PROVISIONS.— Where an act contains specific provisions relating to a particular subject, they must govern in relation to that subject, as against general provisions in other parts of the statute, although the latter, when standing alone, would be broad enough to include the subject to which the more particular provisions relate.

ID.—ABSENCE OF ROOM FOR INTERPRETATION.—There is no room for the play of interpretation when the language of the statute leaves no doubt as to the meaning of those who used it.

APPEAL from a judgment of the Superior Court of Los Angeles County.   W. P. James, Judge.

The facts are stated in the opinion of the court.

Patton & Page, J. T. Houx, and Maguire & Barrett, for Appellant.

W. W. Butler, for Respondent.

SHAW, J.—This is an action brought by plaintiff as receiver of an insolvent national bank in the state of Kansas to recover from defendant, as a stockholder of said bank, the amount of an assessment levied upon certain stock of which he was the alleged owner.   After the bank had gone into voluntary liquidation a proceeding was instituted by one of its creditors in the United States circuit court for the district wherein the bank was located, in which proceeding plaintiff was appointed receiver of the bank.   Thereafter, on February 12, 1900, the court, by an order made in said proceeding, levied an assessment of $38.84 upon each share of the capital stock of said bank, and ordered that the same be paid by the holders thereof to said receiver within sixty days from said date.   It is alleged that at the time and ever since the incurring of the indebtedness for which the said assessment was levied defendant resided out of the state of

9 Cal. App.—24

Kansas, and that he has never been a resident of this state, nor been within the state for a period aggregating one year.

Defendant demurred generally to the second amended complaint, and also upon the ground that plaintiff had not legal capacity to sue in this state, and upon the further ground that the cause of action was barred by reason of the provisions of section 359 of the Code of Civil Procedure. The court sustained this demurrer, without leave to amend, and rendered judgment for defendant, from which plaintiff prosecutes this appeal.

The sole ground for sustaining the demurrer urged by the respondent upon this hearing is that the cause of action is barred by said section 359, Code of Civil Procedure, which is as follows: "This title does not affect actions against directors or stockholders of a corporation, to recover a penalty or forfeiture imposed, or to enforce a liability created by law; but such actions must be brought within three years after the discovery by the aggrieved party of the facts upon which the penalty or forfeiture attached, or the liability was created."

The record does not disclose when either the original or the second amended complaint was filed. We feel warranted in assuming, however, from counsel's discussion that the action was instituted more than three years after the expiration of the sixty days within which the assessment was ordered to be paid. The suit is to recover upon a liability created by law. Under the provisions of said section 359, Code of Civil Procedure, such actions are barred unless commenced within three years after such liability be created. Appellant concedes this to be true, but contends that inasmuch as defendant has been out of the state for the entire period, excepting less than one year, since the cause of action accrued, the time of his absence is not part of the time limited for the commencement of the action. In other words, defendant must, in order to avail himself of the statute, have been within the state for a period aggregating the full term of three years. This contention is based upon the provisions of section 351, Code of Civil Procedure, which excludes from the period within which actions may be commenced the time during which the party defendant may be absent from the state. Said section 351 is one of fifty-one sections, numbered 312 to 363, both inclusive, constituting the statute of limitations,

and arranged under title II, Code of Civil Procedure, entitled, "Of the time of commencing civil actions," all of which relate to the subject named. Section 359 is also one of said sections, and in positive and express terms provides that "this title does not affect actions against . . . stockholders of a corporation to . . . enforce a liability created by law." Said section 351, the provisions of which appellant invokes, is a part of the title which by section 359 in express terms is declared inapplicable to actions to enforce a liability created by law, to which class this action belongs. It is true, as argued by appellant, that the provision of section 351 extending the time during the period of absence is broad and without qualification. That its provisions are general may be admitted, but "where there are in an act specific provisions relating to a particular subject they must govern in respect to that subject, as against general provisions in other parts of the statute, although the latter, standing alone, would be broad enough to include the subject to which the more particular provisions relate." (*Frandzen* v. *San Diego County,* 101 Cal. 319, [35 Pac. 897].) In other sections of title II the legislature declare a general rule as to the time within which actions shall be brought, and provide that such prescribed time shall not run during the absence from the state of the party against whom such action has accrued, and then deliberately and in positive terms provide that such rule shall not apply to an action against a stockholder to enforce a liability created by law. As said in *Hunt* v. *Ward,* 99 Cal. 614, [37 Am. St. Rep. 87, 34 Pac. 335] : "There is no room for the play of interpretation when the language under review leaves no doubt as to the meaning of those who used it."

The judgment is affirmed.

Allen, P. J., and Taggart, J., concurred.