## IN RE BAILEY.

### (No. 3,620.)

(Submitted February 16, 1915.   Decided March 1, 1915.)

[146 Pac. 1101.]

*Attorney and Client—Practicing Law Without License—Contempt.*

Attorney and Client—Practicing Law—What Constitutes.
1.   A person who makes it his business to act, and who does act, for, and by the warrant of, others in legal formalities, negotiations or proceedings, practices law.

[As to presumption in favor of authority of attorney, see note in 16 Am. Dec. 98.]

Same—Practicing in Court of Record—What Constitutes.
2.   One who advises clients touching legal matters pending or to be brought before a court of record, or prepares pleadings or proceedings for use in a court of record, or appears before a court of record, either directly or by a partner or proxy, practices law in a court of record.

Same—Practicing Without License—Contempt.
3.   One who does the things referred to in paragraphs 1 and 2, *supra,* without having been duly licensed by the supreme court to act as an attorney and counselor at law, is guilty of a contempt of said court.

Same—Practicing Law—Not Inherent Right.
4.   The practice of law is not an inherent right, but a privilege, subject to state control.

[As to validity of tax on occupation of attorney, see note in Ann. Cas. 1912A, 599.]

PROCEEDINGS in contempt against Wendell Bailey for practicing law within the state without a license.   Respondent adjudged guilty.

Cause submitted on briefs of counsel.

*Mr. C. B. Nolan,* for Respondent.

*Mr. D. M. Kelly,* Attorney General, *Mr. J. H. Alvord,* Assistant Attorney General, and *Mr. F. P. Leiper,* for the State.

MR. JUSTICE SANNER delivered the opinion of the court.

On January 19, 1915, the attorney general of this state filed in this court an accusation charging one Wendell Bailey, of Sidney, Richland county, Montana, with a contempt of this

court, in that said Bailey "is holding himself out as an attorney at law, by advertisement and otherwise, and is practicing the profession of an attorney and counselor at law in courts of record in the said town and county, without having first been admitted so to do by this court." Upon this accusation, which was supported in detail by the affidavit of F. J. Matoushek, Herbert H. Hoar and Carl L. Brattin, all regularly licensed attorneys residing at Sidney, a citation was issued requiring the respondent to appear and show cause why he should not be punished. He appeared and entered his plea of not guilty and filed a detailed answer consisting of denials, admissions and matters in avoidance. A hearing was duly had before this court, testimony being taken both in support of and against said accusation, and thereafter the matter was duly submitted for judgment and decision.

No good purpose would be served by reciting the evidence at length. Suffice it to say, the following facts were made to appear without substantial contradiction: The respondent has never been admitted to practice law in this state; but on February 16, 1914, he opened a law office at Sidney, from which time and until June 1, 1914, he maintained and conducted said office in his individual name, displayed at the entrance thereof a sign reading, "Wendell Bailey, Attorney at Law," caused a card to be published in the telephone directory commonly used at Sidney, and in four newspapers of general circulation in Richland county, to the effect that he was an "attorney and counselor at law," procured and used stationery proclaiming him to be an "attorney and counselor at law," received, advised and acted for clients in legal matters pending in court and otherwise, represented them in proceedings cognizable only by the courts of record of this state, and charged and accepted compensation for such services; that on or about June 1, 1914, he associated himself in partnership with one R. O. Lunke, a licensed attorney of this court, said partnership being formed for the general practice of law, including practice in the courts of record of this state, particularly the district courts of Richland and Dawson counties; that said partnership continued in existence up

to the time of the hearing herein, proclaimed itself by signs, cards, stationery and indorsements upon pleadings as a firm of attorneys at law, prepared, signed and filed pleadings as such in the district court of Richland county, received, advised and acted for clients in legal matters pending in court and otherwise, appeared for clients in proceedings before said court, and charged and accepted compensation for services in that behalf; that the respondent actively participated in the business and operations of said firm, and prior to October 28, 1914, appeared in person before the district court of Richland county as a member of said firm, claiming to represent and representing parties to actions or proceedings before said court; that after October 28, 1914, and up to the time of the hearing herein, he prepared, signed and filed pleadings in said court for and on behalf of said firm and as a member thereof, formulated briefs, advised clients touching legal matters, consulted with his associate concerning the business intrusted by clients to said firm, and claimed a share in the revenues derived from its professional activities.

It is not contested that the foregoing acts, if they constitute contempt at all, are a contempt of this court. Indeed, this could scarcely be questioned, in view of the provisions of Title V, Part I, Code of Civil Procedure, whereby the authority to admit attorneys to the practice is vested solely in this court. The contention is that these acts do not constitute contempt at all under any statutory provision of this state.

The Revised Codes (section 6388) provide: "If any person practice law in any court, except a justice's court or a police court, without having received a license as attorney and counselor, he is guilty of a contempt of court." The distinguished counsel for respondent seeks the exoneration of his client upon the ground that the record does not show that respondent practiced law in any court other than a justice or police court. We cannot assent to this. A person who makes it his business to act and [1] who does act for and by the warrant of others in legal formalities, negotiations or proceedings, practices law (*Savings Bank* v. *Ward*, 100 U. S. 195, 25 L. Ed. 621; *In re Duncan*, **83**

S. C. 186, 18 Ann. Cas. 657, 24 L. R. A. (n. s.) 750, 65 S. E.
210; and when his acts consist in advising clients touching legal
[2]  matters pending or to be brought before a court of record,
or in preparing pleadings or proceedings for use in a court of
record, or in appearing before a court of record, either directly
or by a partner or proxy, he is practicing law in a court of
record. (*Bank* v. *Risley,* 6 Hill (N. Y.), 375; *Abercrombie*
v. *Jordan,* 8 Q. B. D. 187; *In re Simmons,* 15 Q. B. D. 348.)
The respondent seems to think that, so far as his activities prior
to October 28, 1914, are concerned, a plenary absolution was
granted him at that time by two of the members of this court—
one of them being the writer—on condition that he refrain
thereafter from practicing in the district court. No such thing
occurred; but, had it occurred, the condition assumed was not
observed. After October 28, 1914, the respondent continued as
a member of the firm of Lunke & Bailey to do all the things
which constitute practice in the district court, save only the
personal conduct of causes therein, which was confided to Mr.
Lunke.

But section 6388 is not the only statutory provision applica-
ble to the conduct of the respondent. Subdivision 6 of section
7309 provides: ''The following acts or omissions, in respect to a
court of justice, or proceedings therein, are contempts of the
authority of the court:  *  *  *  Assuming to be an officer, at-
torney or counsel of a court, and acting as such without author-
ity.'' From February 16 to June 1, 1914, the respondent
[3]  employed all the customary methods to advertise himself
as an attorney and counselor at law, capable and authorized to
do any business in any court which a duly licensed attorney
might do; and from June 1, 1914, up to the time of the hear-
ing herein, he and his associate, as the firm of Lunke & Bailey,
presented themselves to the public in a similar manner and
aspect. As to this there was no ostensible change after October
28, 1914. The only attorneys and counselors known to the
law of this state are attorneys and counselors of this court,
licensed and authorized as such to practice law within this state;
and, if by his conduct the respondent did not assume to be an

attorney and counselor of this court, then such an assumption is impossible, and subdivision 6 of section 7309 has no meaning at all. (*State* v. *Richardson*, 125 La. 645, 51 South. 673; *People* v. *Erbaugh*, 42 Colo. 480, 94 Pac. 349; *Edmondson* v. *Davis*, 4 Esp. 14; *Abercrombie* v. *Jordan*, *supra*.)

When we consider the relationship of attorney and client and its consequences to the client, as well as to his possible adversary, it becomes manifest that insistence upon due authorization of the persons acting as attorneys is of vital importance. People do not ordinarily demand an inspection of the license of one who proclaims himself an attorney at law; they take it for granted, as they may do, that he is what he assumes to be. The law says who may and who may not practice as an attorney, who may and who may not assume to be such. The people have a right to presume that the law in this respect is being enforced; if it is not enforced, such persons as intrust their business to an unchallenged pretender are permitted, in matters of life, of [4] liberty and of property, to lean upon a broken reed. For this reason it is universally held that the practice of law is not an inherent right but a privilege, subject entirely to state control.

From the evidence presented we find that the respondent, Wendell Bailey, is guilty of contempt, as charged in the accusation of the attorney general; and it is ordered and adjudged that for such contempt he pay a fine of $250, or stand committed to the custody of the sheriff of Lewis and Clark county, Montana, until the same be paid.

MR. JUSTICE HOLLOWAY concurs.

MR. CHIEF JUSTICE BRANTLY: I was not present at the hearing, and therefore did not observe the witnesses who testified thereat. But having informed myself by an examination of the stenographic report made at the time, and having found that there is no substantial conflict in the evidence, I feel that I may with propriety concur in the result reached by Mr. Justice SANNER.