[L. A. No. 7145. In Bank.—April 1, 1924.]

THE PEOPLE, etc., Appellant, v. GRACE C. STANLEY, as County Superintendent, etc., Respondent.

[1] SCHOOL LAW — INSURANCE OF SCHOOL PROPERTY — SCOPE OF AUTHORITY OF TRUSTEES — SUBDIVISION 3, SECTION 1608, POLITICAL CODE.—Boards of trustees of school districts possess no authority to place insurance of the school property of their respective districts other than granted to them by subdivision 3 of section 1608 of the Political Code, which provides that boards of school trustees and city boards of education shall have power and it shall be their duties "to furnish, repair and insure, and in its discretion rent, the school property of their respective districts, such insurance to be written in any solvent insurance company doing business in this state or in any mutual insurance company organized under the laws of this state."

[2] STATUTORY CONSTRUCTION—INTENT OF LEGISLATURE.—In order to ascertain the intent of the legislature in enacting a statute, re-

course must be first had to the language of the statute itself; and if the words of the enactment given their ordinary and popular signification are reasonably free from ambiguity and uncertainty, the courts will look no further to ascertain its meaning.

[3] SCHOOL LAW—INSURANCE OF SCHOOL PROPERTY—CHARACTER OF COMPANIES—CONSTRUCTION OF SUBDIVISION 3, SECTION 1608, POLITICAL CODE.—The meaning to be given subdivision 3 of section 1608 of the Political Code is, that boards of school trustees are given power and it is their duty to insure the school property of their respective districts in any solvent insurance company doing business in this state, provided that if they select a mutual insurance company to carry their insurance. it must be a mutual insurance company organized under the laws of this state.

APPEAL from a judgment of the Superior Court of San Bernardino County. J. W. Curtis, Judge. Affirmed.

The facts are stated in the opinion of the court.

Hahn & Hahn and Shank, Belt & Fairbrook for Appellant.

T. W. Duckworth and John L. Campbell for Respondent.

RICHARDS, J.—This is an appeal from a judgment of the superior court of the county of San Bernardino, after an order made by said court sustaining the defendant's demurrer to the plaintiff's petition for a writ of mandate requiring her, in her capacity of county superintendent of schools of said county, to approve a warrant issued by the Alta Loma school district to the Northwestern Mutual Fire Association in payment of an annual premium upon a policy of fire insurance taken out by said district in said association and covering certain property of the school district.

The petitioner in the opening averment of its petition sets forth that "it is a mutual fire insurance company, organized under the laws of the state of California"; in the next paragraph of its petition, however, in connection with its averment that it is qualified to do business as a mutual fire insurance association in the state of California, it refers to the certificate of compliance with the laws of said state issued by the insurance commissioner thereof, attaching said certificate to its complaint as Exhibit "A" and expressly making the same a part of its said complaint "as

fully as if set forth herein." By reference to said certificate it is found to be recited therein that "the Northwestern Mutual Fire Association of Seattle, Washington, is duly organized under the laws of the state of Washington and is authorized by this department to issue policies and transact business of mutual fire and automobile insurance." The plaintiff also incorporates in its bill for the insurance premium upon which the warrant which the respondent failed to approve was issued and in which it describes itself as "Northwestern Mutual Fire Insurance Association of Seattle, Washington." In the opening brief of the appellant its counsel asserts that "the petition sets forth that Northwestern Mutual Fire Insurance Association is a mutual fire insurance company organized under the laws of the state of Washington," and it is nowhere stated or argued in said brief that the petitioner is other than a mutual insurance company organized under the laws of another state. The decision of the trial court in sustaining the defendant's demurrer to the petition herein was evidently based upon the fact that the petitioner was not a mutual insurance company organized under the laws of this state and for that reason did not come within the permissive authority given to boards of trustees of school districts to place insurance upon the school property of their respective districts under the provisions of section 1608, subdivision 3, of the Political Code. The said section of said code, as it stood at the time the contract of insurance involved in this proceeding was entered into, read, in part, as follows: "1608. Boards of School Trustees and city Boards of Education shall have power and it shall be their duties. . . . Third. To furnish repair and insure, and in its discretion rent, the school property of their respective districts, such insurance to be written in any solvent insurance company doing business in this state or in any mutual insurance company organized under the laws of this state." It would seem that the foregoing provision of the Political Code is susceptible of an interpretation which is at once simple and natural and which is entirely relieved of the labored and involved reasoning insisted upon by the appellant as the proper means of arriving at its meaning. [1] Boards of Trustees of school districts possess no authority to place insurance of the school property of their respective districts other than granted

to them by the foregoing section of the Political Code. Its mode is the measure of their power. **[2]** It is a cardinal rule applicable to the interpretation of statutes that in order to ascertain the intent of the legislature in enacting the same, recourse must first be had to the language of the statute itself; and that if the words of the enactment given their ordinary and proper signification are reasonably free from ambiguity and uncertainty, the courts will look no further to ascertain its meaning. (*Rynan* v. *Walker*, 35 Cal. 634; *Sharon* v. *Sharon*, 75 Cal. 1–28 [16 Pac. 345]; *Merkley* v. *Withâm*, 3 Cal. App. 268 [84 Pac. 1015]; *King* v. *Armstrong*, 9 Cal. App. 368 [99 Pac. 527]; *Sacramento Co.* v. *Glann*, 14 Cal. App. 780 [113 Pac. 360]; *Smith* v. *Union Oil Co.*, 166 Cal. 217 [135 Pac. 966].) **[3]** The obvious meaning to be given to the language of said section of the Political Code is this, that boards of school trustees are given power and it is their duty to insure the school property of their respective districts in any solvent insurance company doing business in this state, provided that if they select a mutual insurance company to carry their insurance it must be a mutual insurance company organized under the laws of this state. The question as to whether the mutual insurance company to which the choice of boards of trustees of school districts is thus confined is solvent or insolvent does not arise in this case, for the reason that the petitioner herein does not come within such limitation and was, therefore, not qualified in either event to be awarded this insurance. It follows that the respondent herein in her capacity of county superintendent of schools of San Bernardino County properly refused to approve the petitioner's warrant for the premium upon its void insurance policy.

The judgment is affirmed.

Myers, J., Lawlor, J., Lennon, J., Waste, J., and Seawell, J., concurred.

Rehearing denied.

All the Justices concurred.