[Civ. No. 1574. Fourth Appellate District.—November 4, 1935.]

CHARLES BAGG, Respondent, v. RUSSELL A. WICKIZER, Appellant.

Fred A. Wilson for Appellant.

John L. Campbell, E. John Eriksson and Ralph W. Eckhardt for Respondent.

MARKS, J.—This is an action to contest the election of appellant to the office of justice of the peace of San Bernardino Township, a class A justice's court. The election was held on November 6, 1934. The sole ground of contest is that appellant had not had "not less than two years actual practice of law in this state" prior to his election, or prior to his assuming the duties of his office, as required by section 159a of the Code of Civil Procedure. (Stats. 1933, chap. 743.)

Appellant had been clerk of the justice's court of San Bernardino Township continuously for about seven years prior to his election. He was admitted to the practice of law on November 4, 1931, and since that time has been a member of The State Bar in good standing.

It is the theory of respondent that since section 4316 of the Political Code prohibits " . . . clerks . . . from practicing law, or acting as attorneys or counselors at law . . . in the counties where they reside and hold office" appellant could not have had two years' actual practice of law in this state prior to his election. Appellant urges that the provisions of section 4316 of the Political Code, which we have quoted, apply exclusively to clerks of courts of record and not to clerks of justices' courts, or school boards, or other such persons. Without deciding this question we will assume that the provisions apply to the clerk of the justice's court of San Bernardino Township.

In addition to those already set forth, the record discloses the following undisputed facts: that appellant did not maintain a regular office for the practice of law; that he did not pay a business license tax to the city of San Bernardino for the privilege of conducting the business of the practice of law

as required by an ordinance of that city; that he did not cause himself to be listed as an attorney at law in the telephone directory of San Bernardino nor in any directory of attorneys; that shortly after he was admitted to practice he caused business cards and stationery to be printed with his name thereon as an attorney at law with the address of his residence given; that he resided in an apartment house and had his card displayed on the door of the building and on the door of his apartment; that he interviewed clients at his apartment, at the offices of friendly attorneys and at the office of the clerk of the justice's court when such interviews there did not interfere with his official duties; that clients engaged him to represent them in nineteen actions and proceedings and six probate proceedings in the Superior Courts of San Bernardino, Riverside and Los Angeles Counties, and in one justice's court action in Riverside County; that in some of these matters he appeared as the sole attorney of record, in others as the attorney of record associated with other attorneys and that in the remainder other attorneys of his choosing appeared of record without his name appearing; that he appeared as attorney of record in two proceedings before the commissioner of corporations and secured permits for his clients to issue stock; that he gave legal advice to clients or prepared legal documents for them on not less than one hundred and twenty-six occasions.

The question of the definition of the term "practice of law" has been before the various courts of this country in many cases. In the case of *State Bar of California* v. *Superior Court*, 207 Cal. 323, at 334 [278 Pac. 432], it was said: "The term 'practice of law' has been defined in occasional cases, but perhaps as concrete and inclusive a definition as any is that contained in the case of *Eley* v. *Miller*, 7 Ind. App. 529 [34 N. E. 836], wherein the court says: 'As the term is generally understood, the "practice" of the law is the doing or performing services in a court of justice, in any matter pending therein, throughout its various stages, and in conformity to the adopted rules of procedure. But in a larger sense it includes legal advice and counsel, and the preparation of legal instruments and contracts by which legal rights are secured, although such matter may or may not be pending in a court.' " See, also, *Smallberg* v. *State Bar of California*, 212 Cal. 113 [297 Pac. 916]; *People* v. *Merchants Protective*

*Corp.,* 189 Cal. 531 [209 Pac. 363]; *People* v. *California Protective Corp.,* 76 Cal. App. 354 [244 Pac. 1089]; *In re Duncan,* 83 S. C. 186 [65 S. E. 210, 18 Ann. Cas. 657, 24 L. R. A. (N. S.) 750]; *In re Bailey,* 50 Mont. 365 [146 Pac. 1101, Ann. Cas. 1917B, 1198]; *L. Meisel & Co.* v. *National Jewelers' Board of Trade,* 90 Misc. 19 [152 N. Y. Supp. 913]; *In re Pace,* 170 App. Div. 818 [156 N. Y. Supp. 641]; *People* v. *People's Trust Co.,* 180 App. Div. 494 [167 N. Y. Supp. 767]; *In re Otterness,* 181 Minn. 254 [232 N. W. 318, 73 A. L. R. 1319]; *People* v. *People's Stock Yards State Bank,* 344 Ill. 462 [176 N. E. 901]. Webster defines *actual* as, "existing in act or reality; . . . in fact; real".

We conclude that the phrase "two years actual practice of law in this state", as commonly used and understood, means the real and active practice of law as defined in *State Bar of California* v. *Superior Court, supra,* and the other cited cases, by a person duly licensed to practice law and who is a member of The State Bar. ■ We think there can be no doubt that the evidence shows conclusively that appellant was engaged in the "actual practice of law in this state" for more than two years prior to his election as the phrase is thus defined.

■ The fact that he did not pay a business license to the city of San Bernardino cannot refute the positive evidence that he was actually practicing law. His neglect in this respect might have subjected him to civil suit or criminal prosecution but we cannot conclude from that fact that he was not practicing law.

It remains for us to determine the meaning which the legislature intended to place upon the phrase "not less than two years actual practice of law in this state" as used in section 159a of the Code of Civil Procedure. We have well established and clearly defined rules of law to assist us in the construction of the phrase in question.

■ Where an ambiguity exists in the law the intention of the legislators in passing it may be determined by comparing the language used with other laws on the same subject, by the public history of the time, or by other legitimate means. (23 Cal. Jur. 731.) Where no ambiguity exists, the intention of the lawmakers must be determined by the language of the statute. In *Ex parte Goodrich,* 160 Cal. 410 [117 Pac. 451, Ann. Cas. 1913A, 56], it is said: "But it still remains true, as

it always has, that there can be no intent in a statute not expressed in words, and there can be no intent upon the part of the framers of such a statute which does not find expression in their words. (2 Lewis, Sutherland Stat. Construction, sec. 388.) It still remains true that even legislative debates are not appropriate sources of information from which to discover the meaning of the language of the statute. (*United States* v. *Trans-Missouri Freight Assn.*, 166 U. S. 290 [17 Sup. Ct. 540, 41 L. Ed. 1007]; *American Net & Twine Co.* v. *Worthington*, 141 U. S. 468 [12 Sup. Ct. 55, 35 L. Ed. 821].) And it still remains true that even the testimony or opinions of individual members of the legislative body are not admissible for the purpose of showing what in fact was intended or meant by an act. (*State* v. *Burk*, 88 Iowa, 661 [56 N. W. 180]; *Richmond* v. *Supervisors*, 83 Va. 204 [2 S. E. 26]; *People* v. *Smith*, 78 Hun, 179 [28 N. Y. Supp. 912].)'' In *People* v. *Stanley*, 193 Cal. 428 [225 Pac. 1], the Supreme Court said: ''It is a cardinal rule applicable to the interpretation of statutes that in order to ascertain the intent of the legislature in enacting the same, recourse must first be had to the language of the statute itself; and that if the words of the enactment given 'their ordinary and proper signification are reasonably free from ambiguity and uncertainty, the courts will look no further to ascertain its meaning. (*Tynan* v. *Walker*, 35 Cal. 634 [95 Am. Dec. 152]; *Sharon* v. *Sharon*, 75 Cal. 1–28 [16 Pac. 345]; *Merkley* v. *Witham*, 3 Cal. App. 268 [84 Pac. 1015]; *King* v. *Armstrong*, 9 Cal. App. 368 [99 Pac. 527]; *Sacramento County* v. *Glann*, 14 Cal. App. 780 [113 Pac. 360]; *Smith* v. *Union Oil Co.*, 166 Cal. 217 [135 Pac. 966].)'' ''This must be done even though it appear probable that a different object was in the mind of the legislature.'' (*Mulville* v. *City of San Diego*, 183 Cal. 734 [192 Pac. 702].

As there appears to be no ambiguity or uncertainty in the phrase contained in section 159a of the Code of Civil Procedure, which we are considering, when giving to the words used their ordinary and popular meaning, we must conclude that the phrase ''actual practice of law'' must be given the meaning ascribed to it by Webster and the case of *State Bar of California* v. *Superior Court, supra.*

In order to sustain the contention of respondent that appellant, while engaged in the active practice of law, could not qualify for his present office because such practice was

contrary to law, we would have to interpolate into the provisions of section 159a of the Code of Civil Procedure language that does not appear in that enactment. This we cannot do. As the language of the section presents a meaning clear and free from ambiguity we must construe and apply it as we find it. We cannot escape the conclusion that appellant "had not less than two years actual practice of law in this state" prior to his election. He is therefore qualified to hold the office of justice of the peace of San Bernardino township.

Respondent maintains that as section 4316 of the Political Code prohibits clerks from practicing law in the counties in which they hold office or reside appellant was prohibited from practicing law in San Bernardino County and cannot be held to have been engaged in the lawful practice of the law.

If we assume, as we have done, that the provisions of section 4316 of the Political Code include within its prohibitory terms, clerks of class A justices' courts, then we must conclude that as appellant was practicing law in San Bernardino County he was violating the terms of this statute. This might or might not have subjected him to disciplinary action at the hands of the proper authorities had proceedings been instituted. The very gravamen of any charge against him would necessarily have been that he was engaged in the practice of law and in so doing was violating some rule of conduct. If he were not practicing law he could not have been violating the provisions of section 4316 of the Political Code.

What we have just said is by way of argument only and must not be construed as a holding that appellant has been guilty of the illegal practice of law or that his practice of law while clerk of the justice's court rendered him open to censure. We have only assumed, without holding, that section 4316 of the Political Code applies to clerks of class A justices' courts. There are serious arguments to be advanced on both sides of this question and we would not express an opinion upon it without careful study.

Respondent cites a finding of the trial court that only in one instance did appellant collect fees for his services as attorney at law while clerk of the justice's court. He urges that the receipt of compensation for services is one of the usual and ordinary incidents of the practice of law and that this lack of fees collected shows that appellant was not actually practicing law. This finding is without evidentiary sup-

port. During the course of his testimony appellant was not once asked whether he collected fees for his services. In two instances he volunteered the information that he had received fees for two proceedings in the superior court. It was respondent who alleged that appellant had not been engaged in the active practice of law for two years. The burden of proving this allegation rested upon him. His failure to produce any evidence on the question of the collection of fees by appellant from the large majority of his clients does not support the conclusion that no fees were collected by him.

Judgment reversed.

Barnard, P. J., and Jennings, J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 2, 1936.