No. 13170

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

---

FIRST NATIONAL BANK OF
LEWISTOWN, MONTANA et al.,

Petitioners,

-vs-

DEPARTMENT OF REVENUE OF
THE STATE OF MONTANA,

Respondent.

---

ORIGINAL PROCEEDING:

Counsel of Record:

For Petitioners:

Gough, Booth, Shanahan and Johnson, Helena,
Montana
Ronald F. Waterman argued, Helena, Montana
Luxan, Murfitt and Davis, Helena, Montana
Howard J. Luxan Jr. argued, Helena, Montana

For Respondent:

Joseph R. Massman argued, Helena, Montana

---

Submitted: October 17, 1975

Decided: NOV _ ) 

Filed:

*Thomas J. Kearney*
Clerk

Mr. Justice Castles delivered the Opinion of the Court.

This is an action brought under the Uniform Declaratory Judgments Act, section 93-8901, et seq., R.C.M. 1947, and requests this Court to assume original jurisdiction. Both sides agree there are no facts in dispute. This Court agreed to accept jurisdiction.

This action arises out of a dispute between the various banks involved in this litigation and the Department of Revenue as to the interpretation of one statute, section 84-308, R.C.M. 1947.

Each year banks doing business in the state of Montana are required to complete a "Bank Statement for Assessment" showing all the resources and liabilities of that bank as disclosed by its books, at twelve o'clock noon on the first Monday of March. Each of the banks involved in this action complied with that requirement. Each entered on the Bank Statement for Assessment, the dollar amount of the capital stock as shown on the books of the bank and inserted as surplus the dollar amount of the surplus as shown on the books of the bank. Further, each bank set forth on the statement the amount of undivided profits and other reserves as shown on the books of the bank. In each instance, each of the figures supplied to the Department of Revenue by the individual banks was the figure shown on the books of each bank, as required by statute and regulation.

Also, pursuant to the Department's regulation MAC 42-2.22 (20) - S22410, each bank had its bond portfolio valued within the time designated by regulation.

The banks and the Department do not disagree as to the amounts entered on each of the banks' Bank Statement for Assessment. Nor is there a question as to any other issue involved in reaching the valuation of stock to be assessed to the stockholders of each bank.

- 2 -

From the assessment statement filed by each bank, the Department made various calculations apportioning the value of stock assessed to the stockholders as shown on each bank assessment statement, between the 7% and 30% categories as required by section 84-308. The calculations were based upon adjustments made by the Department to the amount of surplus as shown on the books of each bank. The Department took the depreciated or appreciated value of the bond portfolio, applied that figure against the amount of undivided profit as shown on the books of the bank; if the result of those calculations was a negative undivided profit figure, the Department then adjusted the surplus of each bank by deducting from the surplus figure as shown on the books of the bank, the negative undivided profit figure and used this adjusted surplus figure, rather than the amount of surplus as shown on the books of each bank. The Department then determined what proportion of the value of stock assessed to the stockholder was to be classified within the 7% classification and what proportion was to be classified within the 30% classification.

The banks involved in this litigation allege that the above adjustment of the amount of surplus as shown on the books of each bank by neglative undivided profits for use in apportioning the value of stock to be assessed to the stockholder between the 7% and 30% classification was incorrect, illegal and contrary to statute and illegally increased the taxable value of each bank.

Each bank appealed the classification and taxable value as determined by the Department to the appropriate county tax appeal board in each of the counties where the individual banks transact business. The decisions of the county tax appeal boards were then appealed to the State Tax Appeal Board where they were pending upon this Court's acceptance of jurisdiction.

The sole issue is whether or not the Department may make adjustment in the figures shown on the books of the various banks

involved in this litigation in determining what proportion of the value of stock assessed to the stockholder is to be classified within the 7% classification and what proportion is to be classified within the 30% classification.

The pertinent portion of section 84-308, R.C.M. 1947, which this Court finds to be controlling provides:

"Moneyed capital and shares of banks, both national and state, thirty per centum (30%) of true and full value on that portion of the true and full value not represented by surplus, as shown on the books of the bank; seven per centum (7%) on that portion of the true and full value represented by surplus as shown on the books of the bank; provided that on that portion of any such surplus which is over and above the amount represented by stated capital of a bank, the excess shall be subject to thirty per centum (30%) of true and full value." (Emphasis added.)

We find the quoted statute's meaning to be clear and unambiguous. There are no technical words and a common understanding of the statute is clear from its reading. The drafters of the legislation obviously intended there should be no accounting adjustments made to the figure shown on the books of the bank when apportioning the amounts between the 7% and 30% classifications.

In Morrison v. Farmers & Traders' State Bank, 70 Mont. 146, 150, 225 P. 123, this Court recognized:

"* * * The intention of the legislature in enacting the statute is the consideration which must control in its construction * * * and to ascertain that intention recourse must be had, first, to the language employed * * * indulging the presumption that the terms used were intended to be understood in their ordinary sense, unless it is made apparent from the context that they intended to be given a different meaning. * * *" (Emphasis added.)

We therefore find the Department cannot take the depreciated or appreciated value of the bond portfolio, and apply those figures against the amount of undivided profit as shown on the books of the bank, and adjust the surplus figure as shown on the books of the bank, to arrive at the bank's assessed value. It must use only those figures shown on the books of the bank, as required by statute.

The Department argues that it does not know what to do with the newly created bond assessment that is required by MAC 42-2.22(20)-S22410. That regulation was adopted by the Department when it was determined by the Department that the present assessment system did not accurately portray the true picture of the bank's property. This Court can sympathize with the Department's position; however, we must point out that the solution to that problem lies with the legislature, and cannot be solved by drafting assessment regulations and using them for classification purposes.

This Opinion shall constitute a declaratory judgment.

_Wesley Castle_
Justice

We Concur:

_James H. Harrison_
Chief Justice

_Mike J. Haswell_

_Gene B. Daly_

_John Conway Harrison_
Justices.