[Civ. No. 68058. Second Dist., Div. Four. Aug. 4, 1983.]

PUBLIC WATER AGENCIES GROUP et al.,
Plaintiffs, Cross-defendants and Respondents, v.
CONSOLIDATED FIRE PROTECTION DISTRICT OF LOS ANGELES
COUNTY, Defendant, Cross-complainant and Appellant;
COUNTY OF LOS ANGELES, Defendant and Appellant.

696

COUNSEL

John H. Larson, County Counsel, and Douglas M. Elwell, Deputy County Counsel, for Defendant, Cross-complainant and Appellant and for Defendant and Appellant.

Burris, Lagerlof, Swift & Senecal and Jack T. Swafford for Plaintiffs, Cross-defendants and Respondents.

OPINION

ACKERMAN, J.*—Appellants and respondents both sought declaratory relief concerning their respective rights and obligations under Government Code section 53069.9. Appellants provide fire protection for the County of Los Angeles; respondents supply water to residents of the County of Los Angeles, including appellants. Prior to 1980, appellants and respondents had regularly entered into written agreements concerning the furnishing of water by respondents and the payment therefor by appellants. After Government Code section 53069.9 was amended, effective January 1, 1980, appellants refused to enter into any further agreements. A controversy arose between the parties concerning whether, under the section as amended, respondents were obligated to provide water to appellants free of charge. We have concluded that the trial court properly ruled in favor of respondents.

---

*Assigned by the Chairperson of the Judicial Council.

I

██ We are called upon to determine the effect of the 1977 and 1979 amendments to Government Code section 53069.9 with respect to: (1) a holding in *Arcade County Water Dist.* v. *Arcade Fire Dist.* (1970) 6 Cal.App.3d 232 [85 Cal.Rptr. 737], and (2) whether the amendments changed the law to require that free water be provided for fire protection in the absence of an agreement.

Government Code section 53069.9, as amended in 1979, provides in pertinent part as follows: "(a) Any public agency providing water for fire protection purposes may, by ordinance or resolution, fix and collect a charge to pay the costs of fire protection services for operation, installation, capital, maintenance, repair, alteration, or replacement of facilities and equipment.

"Except as provided in subdivision (b), any such charge fixed pursuant to this section, may be made on all land within the public agency to which water is made available for fire protection purposes. . . .

"(b)(1) A public agency providing water for fire protection purposes shall not charge, levy, assess, fix, or collect any charge, tax, fee, rate, assessment, or levy of any kind whatsoever in connection with its water system on or from any entity providing fire protection service to others for supplying water for such fire protection purposes within the service area of such entity providing fire protection service . . . except pursuant to a written agreement with such entity providing fire protection service.

"(2) The provisions of paragraph (1) of this subdivision shall not restrict or limit the public agency providing water for fire protection purposes from levying charges for water service or facilities, including water for fire protection purposes, on any person, property, or entity, whether public or private, other than on an entity providing fire protection service.

"Such charges shall be collected from such other persons, property, or entities pursuant to existing provisions of law which authorize such charges, or from an entity providing fire protection services only pursuant to a written agreement authorizing such charges. [¶] . . ."

The 1977 amendment to the section added subdivision (b) which prohibited the assessment of a fee for the providing of water to fire protection agencies, in the absence of a written agreement. Paragraph (2) of subdivision (b) was added in 1979. Appellants argued below that the effect of the

amendments was to compel respondents to supply water without charge whenever a fire protection agency refused to enter into a written agreement on the subject.[1] The logical extension of that argument is that fire protection agencies are free to refuse to negotiate contracts for water supply, thereby eliminating financial liability therefor. We are persuaded that this was not the intention of the Legislature in amending the statute, nor is that its effect. In *Arcade County Water Dist.* v. *Arcade Fire Dist., supra,* 6 Cal.App.3d 232, a dispute arose concerning the liability of fire districts to pay for water service. For six or seven years, fire districts had paid a flat rate for water service. When the water association raised the rate, the fire districts refused to pay that increased rate or any rate at all. They did, however, continue to accept the water. The court held that an implied-in-law contract was created between the parties by virtue of the acceptance of the benefit of continued water service. (*Id.,* at p. 237.)

The opinion of the Legislative Counsel was sought concerning the effect of the 1977 amendment referred to herein. That opinion concludes that the effect of the amendment was to abrogate the holding in *Arcade* and to eliminate the right to recover the costs of water services from fire protection agencies under an implied contract rationale. The opinion noted: "However, as a general proposition, a public water agency has no obligation to supply free water service to a fire protection agency, and, absent a written agreement, the public water agency would have no obligation to install or maintain hydrants for the use by the fire protection agency." (Ops. Cal.Legis. Counsel, No. 1553 (Feb. 13, 1978) Fire Protection Water Supplies, Assem. J., p. 11163.)

That same conclusion was reached by the trial court and is, we believe, the most logical interpretation of the statute. The trial court found that fire districts and water agencies were free to contract with each other concerning the fee to be collected for the provision of water, but that neither was obligated to enter into such contracts. The court found: "Fire districts are free to enter into such contracts or to make their own arrangements for water service and facilities."[2]

---

[1] In fact, prior to the institution of the within litigation, in December 1979, appellants served notice on respondents that the then existing agreements were terminated under authority of section 53069.9. The judgment below contains an express finding that neither section 53069.9, nor any other provision of law, authorizes or requires appellants to terminate or modify any existing agreements. Appellants do not challenge that finding on appeal.

[2] The minute order of the trial court contains the following findings and conclusions: "The Court finds that Public Water Agencies are not obligated to provide water or hydrants and other facilities to fire districts free of charge unless an agreement is entered into between them providing for such services and payment. The Court further finds that a fire district

A similar conclusion was reached by the court in *Arcade*. Its observations are pertinent here: "That a county water district is under no obligation to supply free water service to a fire district is clearly shown by section 31048 of the Water Code which expressly gives such (fire) district the power to contract with public agencies for the distribution of water for 'protection of property.' Here is a legislative fiat, if one is needed. Section 13852, subdivision (g), of the Health and Safety Code gives the fire districts the power to contract 'for the supply and distribution of water where necessary for the purposes of fire protection. . . .'" (*Arcade County Water Dist.* v. *Arcade Fire Dist., supra,* 6 Cal.App.3d at p. 239.)

## II

Appellants contend that Government Code section 53069.9 must be interpreted in light of two other code sections affecting the distribution of water to fire protection agencies. Civil Code section 549 regulates the furnishing of water by private corporations. Public Utilities Code section 2713 concerns the distribution of water by agencies subject to the control of the Public Utilities Commission. Government Code section 53069.9 regulates the distribution of water by public agencies. All three sections were simultaneously amended in 1979 as a part of the same enactment. (See Stats. 1979, ch. 862.) The sections are essentially identical, except for the following provisions which do not appear in Government Code section 53069.9.

Civil Code section 549 provides in part: "All corporations formed to supply water to cities or towns . . . shall furnish water to the extent of their means, in case of fire or other great necessity, free of charge."

Public Utilities Code section 2713 provides in part: "A water corporation shall furnish water for fire protection purposes to the extent of its means and as a condition of a certificate of public convenience and necessity, in case of fire or other great necessity, . . ."

Appellants argue that although section 53069.9 of the Government Code "does not *expressly* contain obligatory language," when interpreted in light

---

cannot be required to enter into such an agreement. Fire districts are free to enter into such contracts or to make their own arrangements for water service and facilities. The Court further finds that it was not the intention of the legislature to furnish water and facilities free to fire districts so long as water and facilities were paid for by users and property owners. Both Civil Code 549 and Government Code 53069.9 preclude charges by suppliers of water and water facilities to fire districts in absence of an agreement between such suppliers and the fire districts. Neither of said sections permit the defendants to cancel existing agreements in accordance with the terms thereof. Counsel for the Plaintiff is directed to prepare judgment herein."

of the other two sections it is apparent that the Legislature intended to require the furnishing of free water to fire districts. Appellants correctly observe that in ascertaining legislative intent courts may compare the language of statutes on similar subjects. (See *Bagg* v. *Wickizer* (1935) 9 Cal.App.2d 753, 757 [50 P.2d 1047].) ■ However, the power to discern legislative intent does not include the authority to rewrite statutes on behalf of the Legislature. "This court has no power to rewrite the statute so as to make it conform to a presumed intention which is not expressed. This court is limited to interpreting the statute, and such interpretation must be based on the language used." (*Seaboard Acceptance Corp.* v. *Shay* (1931) 214 Cal. 361, 365 [5 P.2d 882].) ■ The Legislature simply did not provide that public water agencies must supply emergency water services for fire protection purposes, free of charge. The fact that otherwise essentially identical statutes, simultaneously enacted, do contain such a provision does not, in our opinion, support the conclusion that a similar obligation was intended to be included in this statute. On the contrary, the obligation appears to have been intentionally omitted. In any event, such a specific provision cannot be inferred merely from its inclusion in other statutes.

We conclude that the trial court properly ruled that respondents were not required under Government Code section 53069.9 to provide free water to appellants.

The judgment is affirmed.

McClosky, Acting P. J., and Amerian, J., concurred.