PROVOSTY, J.
The present proceeding is a rule for contempt, taken by the Attorney General of the state against F. Rivers Richardson, attorney at law, heretofore suspended by judgment of this court from practicing law as an attorney at law of this state. The petition for the rule reads, as follows:
“To the Honorable the Chief Justice and the Associate Justices of the Supreme Court of Louisiana:
“The petition of Walter Guión, Attorney General of the state of Louisiana, respectfully represents:
“That by a judgment of this honorable court, rendered November 30, 1908, which became final and effective on February 15, 1909. upon the denial by the court of an application by defendant for a rehearing, in the suit entitled ‘State of Louisiana v. F. Rivers Richardson,’ No. 17,032 of the docket of the court, said defendant, Richardson, an attorney at law of this state, was suspended from practicing as an attorney at law in the state of Louisiana for a period of 12 months. That said period of suspension began to run from and after the finality of said decree in said cause, which was in the words following, to wit:
“ ‘The law and the evidence being in favor of relator and against the respondent, it is ordered, adjudged, and decreed that judgment be, and the same is hereby, rendered suspending the respondent from practicing at the bar for the term of 12 months.
“ ‘It is further ordered, adjudged, and decreed that, during that number of months, he is suspended from practicing as an attorney at law and from appearing before the courts of this stale. ,
“ ‘It is further ordered, adjuáged, and decreed that he is to pay costs.’
“That petitioner is informed and believes, and therefore charges upon information and belief, that said Richardson, notwithstanding the said decree, has, since the finality of said decree, practiced as an attorney at law in the city of New Orleans. That he has maintained an office in said city of New Orleans, and has had his name on the door thereof as an attorney at law. That his letter paper and letter heads have continued to bear his name as an attorney at law, and that his name has continuously, since said decree became final, appeared in the telephone directory of said city as an attorney at law.
“That petitioner is informed and believes, and therefore charges upon information and belief, that said Richardson has, since the finality of said decree, practiced as an attorney at law in said city in matters intrusted to him as an attorney at law, in all respects save that of appearing in court as an attorney at law. That he has practiced as an attorney at law particularly' in the matter of a claim of one Eugene C. Causey against A. B. French’s Son & Co., having made demand therein upon said A. B. French’s Son & Co. as an attorney at law, as appears from certain letters by -him written under date of February 23 and March 16, 24, and 25, 1909, of which copies are annexed hereto. That said claim eventuated in the suit No. SS,828 of the docket of the civil district court for the parish of Orleans, and that said Richardson was a witness in said cause and gave testimony therein, wherein he admitted having acted for and on behalf of the plaintiff in said cause as an attorney' at law, since February 15, 1909. as will appear from his testimony given in said cause, of which a copy is annexed hereto.
“That said Richardson has testified before the disbarment committee of this honorable court that he has acted as an attorney at law in said matter and in other matters since the finality of said decree in all respects save that of appearing in court as an attorney at law. That it is proper to show' to the court that said Richardson has attempted to justify himself in the doing of said acts by the claim that said decree so rendered in said suit No. 17,032 of the docket of this court did not debar him from practicing as an attorney at law save in the one respect of appearing in court, and on the further ground that he was advised by eminent counsel that said decree was of such import.
“Now your petitioner shows that the said acts of said Richardson in so practicing law after the finality of said decree constitute and are, as he believes and therefore represents, in contempt of the said decree and of this honorable court, and that it is proper that the said matters and things should be by him brought to the attention of the court, to the end that the court may, if the facts shall warrant and the court shall deem fit, punish the said Richardson for a contempt of court.
*647 “Wherefore, the premises considered, petitioner prays that said .Francis Rivers Richardson be ordered by this honorable court to show cause in open court on a day certain why he shall not be held and punished for a contempt of court in the particulars hereinabove set forth.
“And as in duty bound will ever pray.”
Mr. Richardson makes the following return to the rule;
“And now into this honorable court comes Francis Rivers Richardson, made defendant in the above numbered and entitled rule for contempt, who, for answer thereto, says:
“That he denies all and singular the averments in the said rule contained, except such as may be hereinafter admitted, and, further answering, says:
“That he admits that he is an attorney at law of this state, and that he was suspended from practice only before the courts of this state for a period of one year by the final decree entered in proceedings No. 17,032 of the docket of this court.
“Respondent avers that he has rendered full and bona fide obedience to the said decree; that upon the rendition thereof he asked legal advice of counsel in said cause and others learned in the law and eminent in the profession as judges, so as to be certain that no act of his could be construed into a violation of said- decree, and that they, one and all, advised him that he had not been suspended as a counselor at law, and that, as the word ‘counselor’ had been inserted in the original decree and had been stricken and canceled therefrom by the court, this was done for the purpose of permitting hiin to continue to act as a counselor at law; that he had arrived at the same conclusion, after a careful reading- and study of said decree, and that so reasonably and evidently was such its meaning and so unanimous and unquestioning were his aforesaid advisers upon said point that it did not occur to him that he could have erred in his interpretation of said decree, and he does not believe now that he has erred, but, if he has, it has not been in any spirit of contumacy, or from any desire to evade said decree; that he attaches hereto and makes part hereof the statements of 1-Ion. Rufus E. Foster, his former counsel, now United States District Judge of the Eastern District of Louisiana, of Hon. Eugene D. Saunders, former United States District Judge of the same district, of Hon. Fred D. King, judge of the civil district court, division B, and from the two members of the bar who represented bim in the proceedings before this court, all showing that he had been advised as aforesaid,- and respondent shows that he endeavored to conform his conduct to the provisions of said decree.
“Respondent further shows that in this city the federal courts are located, and respondent was not prohibited from practicing before such courts, should occasion present itself, and to that end he believed he was entitled to maintain an office.
“Respondent further shows that he was not permanently disbarred by this court in said proceeding’s, and that he remained an attorney at law, notwithstanding the decree of suspension, and that therefore he believed there was no necessity to remove his sign from his office door, or to destroy his old stationery, nor did the telephone directory officers consult him as to making any change regarding his business; and respondent shows that in none of these matters was he practicing law within the necessary meaning of said decree.
“Respondent further shows that he has maintained an office in this city because he thought he was not prohibited by said judgment from doing so, and because his personal affairs require him' to have such an office, and he believes, and was so advised, that he had a right under said decree to conserve his clientele by attending to any matters which did not go to court and which could have been attended to by one not a lawyer.
“Respondent further shows that in the specific ’ matter complained of he did nothing but act as a collector, and, failing to collect, he turned the entire matter over to other attorneys, who filed proceedings in court, and who conducted the entire matter from then on, and respondent did not act as an attorney before the courts in this or any other matter since his suspension, nor could the single act complained of be considered as practicing his profession.
“And respondent further shows that, if he and his advisers have placed a wrong construction on the said decree of this court in the said proceedings, then that he has done so unwittingly, under the advice of counsel learned in the law, and with no intent to violate the said decree, and he should not be held m contempt therefor under the circumstances disclosed.
“Wherefore he prays that the rule herein filed against him be discharged. And he further prays for general relief.
“[.Signed] E. D. Saunders, of Counsel.
“State of Louisiana, Parish of Orleans.
“Before me, the undersigned authority, personally came and appeared Francis Rivers Richardson, who, being first duly sworn, deposes and says that he has read the above and foregoing answer, and that all the allegations therein contained are true, and, further, that the signatures of the several gentlemen signing the certificates or writings attached hereto and made part hereof are the genuine signatures of the said parties purporting to sign them.
“[Signed] F. Rivers Richardson.
“Sworn to and subscribed before me this 4th day of Feb., 1910.
“[Signed]
“Morgan Gurley, Not. Pub. [Seal.]”
The matter has been submitted for decision, upon the facts thus respectively alleged, all admitted to be true. The letters of judges *649 and lawyers annexed to the return are to the effect stated in the return and are very full- and explicit.
Upon these facts there can be no question of the entire good faith of Mr. Richardson, and he must be acquitted of any intentional disregard of the judgment of this court; but the effect of the said judgment was to deprive him of all the -privileges which he had theretofore enjoyed as an attorney at law under the license given him by this court to practice as an attorney at law, and he has certainly gone on and exercised some of these privileges. Without going into ; 11 the details, he has held himself out to tl e world as one licensed by this court to give advice to clients, and in one instance, at le:' st, has acted as an attorney at law, the same as if not suspended from said quality. The advice of counsel protects Mr. Richardson against any intentional violation of the judgment of this court, but not against the fact of this violation. The advice of counsel could not stay the operation of the judgment of this court. In other words, Mr. Richardson must be acquitted of intentional contempt,, but must be held guilty of technical contempt, and sentenced to a nominal fine.
It is therefore ordered, adjudged, and decreed that the rule herein for contempt be made peremptory, and that F. Rivers Richardson be, and he is hereby, sentenced to pay a fine of $1 and the costs of the present rule.