## GRIEVANCE COMMITTEE
*vs.*
## RUTH E. PAYNE

Superior Court      New Haven County      File No. 59919

MEMORANDUM FILED APRIL 22, 1941.

*Joseph Morse,* of New Haven, for the Plaintiff.

*George A. Clark,* of Meriden, for the Defendant.

BOOTH, J. The action is a proceeding in equity to restrain the defendant from allegedly violating the provisions of section 1381e of the 1939 Supplement to the General Statutes of this State.

In so far as the present proceeding is concerned the pertinent provisions of section 1381e are as follows: "No person who has not been admitted as an attorney under the provisions of section 1627c shall practice law....Any person who shall violate any provision of this section shall be deemed in contempt of court, and the superior court shall have jurisdiction in equity upon the petition of any member of the bar of this state in good standing or upon its own motion to restrain such violation."

The action was instituted by a petition of the Grievance Committee of the New Haven County Bar upon which a rule

to show cause why further proceedings such as the laws and rules of court direct should not be had was issued by this court, as a result of which the defendant Ruth E. Payne appeared and filed an answer in which it is admitted that she is not an attorney at law but in substance denies that she practices law. In addition she has filed what is designated as two special defenses. These defenses set forth certain argumentative claims concerning a construction of the statute upon which these proceedings are based. According to the evidence it appeared that the defendant is and for the past 18 years has been the town clerk of Meriden, Connecticut; that for ten or more years last past it has been her custom to search records and issue certificates of titles; that during the year of 1940 she has issued at least 300 of such certificates to a certain savings bank and to two building and loan associations located in Meriden for which she has charged and received fees; that her system in preparing such certificates is to search the land records and in some instances the probate records, tax assessor's records and abstracts made by a former town clerk; that from this search she admittedly forms an opinion concerning the state of the title to the properties involved and from information thus obtained she compiles a preliminary memorandum containing the name of the owner of the property involved, the dimensions and boundaries thereof and a list of the encumbrances thereon; that this preliminary memorandum is delivered to her employers who arrange to remove the encumbrances indicated therein, after which they cause a first mortgage deed to be executed by the owner of the property to themselves; that thereafter these employers cause this mortgage to be recorded, after which the defendant furnishes her employers witth a formal certificate of title. For this service in furnishing the preliminary and formal certificate the defendant charges and receives from her employers a fee varying from two to five dollars. The purpose of her employers in obtaining these formal certificates of title is to assure them that the mortgagor's title to the property is a valid title and that such employer's mortgage is a first mortgage thereon.

While the evidence offered indicates that her employers consisted of one savings bank and two building and loan associations, the defendant, by her answer, admits that she has similarly served several commercial banks, trust companies and attorneys at law in Meriden and elsewhere. In respect to her employment by the aforesaid savings bank and building and

loan associations, however, the evidence is that she is approved by them as being a person qualified to issue certificates of title for their purposes. A fair sample of the form of the formal certificate issued by the defendant may be found in Exhibit A, which is one of the several introduced in evidence as having been in fact issued by her to her employers. This exhibit reads as follows:

"CERTIFICATE OF TITLE

Meriden, Conn., Feb. 19, 1940
10.46 A.M.

After an examination of the Land Records of the Town of Meriden, as indexed, I am of the opinion that by successive conveyances running back to March 11, 1853,

Rose L. Bingham

is the owner of a certain piece or parcel of land, with all the improvements thereon, situated in said Town and known as No.          Street and bounded and described as follows, to wit:

North   on proposed street 125 ft.
East    on Parker Ave., 74.35 ft.
South   on land of Parker Realty Co. (Lot 244) 122.08 ft.
West    on land of Parker Realty Co. (Lot 257) 74.40 ft;
        being Lot No. 243 on map of Parker Realty Co.
        development west of Parker Ave. Meriden, Conn.
        H. E. Daggett, C.E., on file at Meriden Town
        Clerk's Office.

AND I HEREBY CERTIFY, to my best knowledge and belief, that the same is free from all encumbrance except building lines if established, zoning restrictions and a mortgage to the First Federal S. & L. Assn. for $4,000. recorded in Vol. 251, page 271; and deed restrictions as to size and type of dwelling, resale and signs.

This examination of title is made, and this certificate delivered with the distinct understanding that the maker of this certificate shall not be held liable for any mistake or omission regarding the state or condition of the title of said premises, beyond the amount paid for such examination and this certificate, to wit: $5.00.

Ruth E. Payne"

The decisive question presented is whether the conduct of the defendant as above outlined constitutes practicing law within the meaning of section 1381e. In respect to construing that portion of the statute which relates to the prohibition against practicing law, the defendant urges that the intention of the Legislature was to exclude conduct such as she indulged in. In support of this claim she calls attention to the allegations of her so-called special defenses wherein she sets forth that the issuance of certificates of title by town clerks has been indulged in to such an extent and for such a period of time as to have become a matter of common knowledge. This knowledge, she argues, must have been known to the Legislature and since it did not, in section 1381e, expressly prohibit the issuance of certificates of title by town clerks it did not intend to include such activities in its prohibition against practicing law.

The answer to this claim appears to be self-evident. The question is not what the Legislature intended to say but what is the meaning of what it did say. *Lee Bros. Furniture Co. vs. Cram,* 63 Conn. 433.

In the present instance the Legislature said that "no person who has not been admitted as an attorney under the provisions of section 1627c shall practice law." This language cannot reasonably be construed to include an exception other than that which is already stated therein, which exception does not include town clerks.

She further sets forth that by necessary implication section 1231e of the 1939 Supplement so controls and modifies section 1381e as to create an exception from its provisions concerning the practice of law, persons who are approved by savings banks and building and loan associations as being qualified to issue certificates of title.

Section 1231e is a statute concerning the liability of directors and trustees of savings banks and building and loan associations who fail to perform certain specified duties in respect to mortgage loans. The portion thereof upon which the defendant relies reads as follows: "Any savings bank or building and loan association, before making a loan to be secured by a mortgage upon real estate, shall cause such real estate to be appraised by two or more suitable persons, familiar with real estate values in the community where such real estate shall be located, one of whom shall be a trustee or director of the savings bank or

association making the loan. Such appraisal shall express upon its face the amount at which such property shall have been appraised, and, *with a certificate of title issued by some person approved by such savings bank or association or a title insurance policy shall be lodged with and kept by such savings bank or association."* (Italics added.)

The defendant argues that because section 1231e was enacted by the same Legislature which enacted section 1381e without stating definitely in section 1231e that the "person approved" must be an attorney at law, it must have intended to have intentionally eliminated from the prohibition of section 1381e any persons approved as required by section 1231e.

The answer to this claim appears to be that if the Legislature had so intended it would undoubtedly have so said in section 1381e. It did not so state and the fair inference is that by providing in section 1231e that the certificates of title therein required should be issued by some person approved by the banks or associations charged with the duty of obtaining such certificates, it intended to provide that such persons selected for such service should be persons duly qualified to issue such certificates. In any event it nowhere appears in section 1231e that the character of the certificates of title required thereby should be such as to constitute practicing law within the meaning of section 1381e, which conduct, as previously stated, is the decisive question presented for determination. The practice of law is not limited to the conduct of cases in court. *State vs. Richardson,* 125 La. 644.

". . . .in a larger sense it includes legal advice and counsel, and the preparation of legal instruments and contracts by which legal rights are secured, although such matter may or may not be depending in a court." *49 C.J. Practice §5.*

"Practicing as an attorney or counselor at law, according to the laws and customs of our courts, is the giving of advice or rendition of any sort of service by any person, firm or corporation when the giving of such advice or rendition of such service requires the use of any degree of legal knowledge or skill." *People ex rel. Illinois State Bar Asso. vs. Peoples Stock Yards State Bank,* 344 Ill. 462, 475.

"The rendering of opinions as to the validity or invalidity of title to real or personal property has been deemed to constitute the practice of law." Anno. 111 A.L.R. 31.

' While the Massachusetts Court has indicated in *Opinion of the Justices,* 289 Mass. 607, that certain conduct including the "search of records of real estate to ascertain what may there be disclosed without giving opinion or advice as to the legal effect of what is found" does not constitute the practice of law, the majority rule in this country appears to be as indicated in 111 A.L.R. 31, *supra.* *See, also, Boykin vs. Hopkins,* 174 Ga. 511; *Land Title Abstract & Trust Co. vs. Dworken,* 129 Ohio State 23.

In the present case it appears from the exhibits and the testimony of the defendant that in the preparation of the certificates which she issues to her employers she examines various public and private records and forms opinions there-from concerning the ownership of and encumbrances upon the various properties involved and in the so-called final certificates she expresses such opinion. For example, in Exhibit A she expressly states: "I am of the opinion that by successive con-veyances running back to March 11, 1853, Rose L. Bingham is the owner of [the described land]." Further, in the same certificate she includes the following: "I hereby certify, to my best knowledge and belief, that the same is free from all encum-brance, except building lines if established, zoning restrictions and a mortgage to the First Federal S. & L. Assn. for $4,000, recorded in Vol. 251, page 271; and deed restrictions as to size and type of dwelling, resale and signs."

This clearly expresses an opinion to the effect that Rose L. Bingham has a valid, legal title to the property described and that this title is subject to certain specified encumbrances.

As further indicating that the defendant considers such to have been her opinion she has inserted at the foot thereof the following: "This examination of title is made, and this cer-tificate delivered with the distinct understanding that the maker of this certificate shall not be held liable for any mistake or omission regarding the state or condition of the title of said premises, beyond the amount paid for such examination and this certificate, to wit: $5.00."

Before reaching such opinion the defendant must necessarily have given consideration to various legal subjects and while it may be that because of her ability and long experience she is intellectually qualified to render such service, her conduct in rendering the type of certificates as above outlined constitutes

an invasion of the field of law, and, in the opinion of the court, amounts to practicing law within the meaning of section 1381e.

As the statute in question provides that any person who violates any of its provisions shall be deemed in contempt of court it automatically follows from the conclusion above expressed that the defendant, Ruth E. Payne, is thus guilty.

In view of the entire situation, however, it is the opinion of the court that the interest of justice will be best served by applying to the case the equitable rather than either of the legal remedies.

It is therefore ordered that an injunction issue to restrain the defendant, Ruth E. Payne, under penalty of $1,000, from hereafter rendering any oral or written opinions as to the validity or invalidity of titles to real estate or from otherwise practicing law until further order of court in the premises.