SAMUEL, Judge.
This is an election contest arising out of a Democratic primary held for the purpose of selecting a nominee for the office of judge of the Traffic Court of New Orleans. Plaintiff seeks a judgment declaring defendant ineligible and decreeing plaintiff the candidate of the Democratic Party. Alternatively, he prays that the election be annulled and set aside. The facts have been stipulated by the litigants.
The contested primary election was held on July 25, 1964. Plaintiff, who received 16,875 votes, and the defendant, who received 59,370 votes, were the only candidates. The last day for filing notice of intention to become a candidate was May 29, 1964 and defendant’s notice of intention was filed on May 22, 1964. Defendant was a qualified elector of the Parish of Orleans. He was admitted to the practice of law in Louisiana on June 8, 1959 and has engaged in such practice continuously since that date.
The petition alleges the defendant was an ineligible candidate because he had not practiced law in the State of Louisiana for five years as required by the Louisiana Constitution of 1921, Art. 7, § 94, subsection II (b), which provision is made applicable in primary elections by LSA-R.S. 18:306. Plaintiff contends the cited constitutional and statutory provisions require that a candidate for tire office of judge of the Traffic Court of New Orleans must have practiced law in Louisiana for at least five years preceding the date on which his notice of intention to become a candidate was filed or preceding the last day for the filing of such notice of intention. No political party regulation or requirement is involved and the provisions plaintiff relies upon read as follows:
“(b) Said Court shall consist of not more than two (2) judges, in the discretion of the Commission Council of the City of New Orleans, all of whom must be attorneys-at-law; they shall be elected by the qualified electors of the Parish of Orleans and shall not be less than thirty years of age; each shall have practiced law in the State of Louisiana for at least five years preceding his election and shall be a duly qualified elector of the Parish of Or *747 leans.” LSA-Const. Art 7, § 94 II (b).
“The qualifications of voters and candidates in primary elections held under this Part are the same as required by the constitution and election laws of this state for voters at general elections, and the further qualifications prescribed by the state central committee of the respective political parties coming under the provisions of this Part.” LSA-R.S. 18:306.
Defendant filed an exception of no cause of action to the petition. The exception was referred to the merits by the trial court and, after trial, there was judgment maintaining the exception and dismissing the suit at plaintiff’s cost. Plaintiff has appealed.
We do not agree with plaintiff’s contention. It would appear that, in the absence of further qualifications prescribed by a state central committee, the revised statute has application only to qualifications concerned with “voters at general elections” and therefore has reference to candidates only in connection with the requirement that the candidate be an elector. However, it is not necessary for us to pass on that point and we do not do so. Assuming, but not deciding, that the statute is here applicable beyond the qualification that the defendant be an elector and requires that he shall have practiced law in the State of Louisiana for at least five years “preceding his election” as stated in the constitution, the defendant was an eligible candidate. Only two elections can possibly be involved, the general election to be held in November, 1964 and the primary election which was held on July 25, 1964. As the defendant was admitted to the practice of law in Louisiana on June 8, 1959 and has engaged in such practice continuously since that date, he was practicing for more than five years preceding the primary election and, of course, for more than five years preceding the general election which will be held more than three months after the primary. As the constitutional provision is unambiguous and clearly requires only the five year practice of law preceding the-election, we cannot, and will not attempt,, to change that provision so that the qualification will be the practice of law for five years at any time prior to the election.
The judgment appealed from is affirmed.
Affirmed.