PER CURIAM.
DeSoto Parish attorney and elector, Jack R. Gamble, Jr., filed suit, pursuant to La. R.S. 18:1401 et seq. on July 30, 1990 objecting to the candidacy of Murphy J. White for a district judgeship on the 11th Judicial District Court. The trial court found that White was not qualified because he had been suspended by the State Supreme Court from the practice of law. Consequently, judgment was rendered sustaining the objection and directing the removal of White’s name from the ballot. White appealed the judgment, arguing that his suspension from the practice of law does not prevent him from meeting the legal qualifications to seek judicial office. For the reasons explained, we affirm.
In an opinion rendered in March, 1989 at the conclusion of attorney disciplinary proceedings (539 So.2d 1216), the Louisiana Supreme Court suspended White from the practice of law for two years because of misconduct.
The principal issue presented here is whether the two-year suspension imposed by the Louisiana Supreme Court disqualifies appellant from seeking the position of district judge. The legal qualifications for district judges are set forth in La. Const. 1974, Art. V, § 24 which provides:
A judge of the supreme court, court of appeal, district court, family court, parish court, or court having solely juvenile jurisdiction shall have been admitted to the practice of law in this state for at least five years prior to his election, and shall have been domiciled in the respective district, circuit, or parish for the two years preceding election. He shall not practice law.
We hold that the Art. Y, § 24, requirement that a candidate for district judge “shall have been admitted to the practice of law in this state for at least five years prior to his election” mandates that the candidate be admitted to practice in this state at the time immediately prior to his election and for a total preceding period of at least five years. The phrase “prior to his election” means prior to the date established in accordance with law for the general election in the election process for district judge. Cook v. Campbell, 360 So.2d 1193 (La.App. 2d Cir.1978). However, the five-year period of admission does not necessarily mean a period of five consecutive years. See Calcagno v. Hassinger, 166 So.2d 745 (La.App. 4th Cir.1964).
We observe the fact that Mr. White was suspended rather than disbarred is a distinction without consequence in this case. The effect of the supreme court’s decision in appellant’s disciplinary proceedings was to deprive appellant of all the privileges which he had theretofore enjoyed as an attorney at law''"under the license given him by the Court to practice as an attorney. See State v. Richardson, 125 La. 644, 51 So. 673 (1910).
While we have found no Louisiana decisions directly addressing the issue raised herein, we note that a similar result was reached in Johnson v. State Bar of California, 73 P.2d 1191, 10 Cal.2d 212 (1937), in which the California Supreme Court held that an attorney suspended from the prac *173 tice of law was ineligible to seek the office of superior court judge. The provisions of the California Constitution provided that no person seeking the office of superior court judge was eligible unless he had been admitted to practice before the supreme court of that state for a period of at least five years immediately preceding his election or appointment. In finding that the suspended attorney did not meet the legal qualifications, the court stated:
It follows that no one is eligible to hold the office of superior judge who has not been an admitted practitioner before the Supreme Court of this state for a period of five consecutive years immediately preceding his election or appointment to such office. Certainly an attorney who has been suspended from the practice of law during this period cannot successfully claim to be eligible ... It is self-evident we think, that said provision requires as a fundamental qualification for the office of superior judge, that the candidate for such position be qualified as an attorney actually entitled to practice in the state courts ...

Decree

For these reasons we agree with the trial court that appellant is not qualified for the office of district judge for the 11th Judicial District Court and, accordingly, AFFIRM the judgment of the trial court. Costs of appeal are assessed to appellant.