PER CURIAM.
This is an action objecting to the candidacy of defendant who qualified as a candidate for judge of this court pursuant to LSA-R.S. 18:1401 et seq. The trial court disqualified defendant, and he has appealed. The issue is whether defendant, who *930 was admitted to the practice of law for over five years, but who was under suspension from the practice for disciplinary reasons at the time of his qualification as a candidate, and whose suspension will continue at least until the general election, has the qualifications to run for judge under the Louisiana Constitution.
Defendant qualified as a candidate for Judge, Division “D”, a vacant seat on this court. The Louisiana Constitution Art. 5 § 24, provides for the following pertinent qualifications for this office:
A judge of ... a court of appeal ... shall have been admitted to the practice of law in this state for at least five years prior to his election....
In 1983 defendant was suspended from the practice of law for one year. Louisiana State Bar Association v. Karst, 428 So.2d 406 (La.1983). The court provided for “his readmission to be predicated upon proof of rehabilitation”, at 412. He has never been readmitted to the practice and, as a practical matter, cannot be readmitted prior to the general election scheduled for April, 1992.
Defendant bases his principal arguments upon a comparison between the pertinent provisions of the present constitution and those of its predecessor, the Constitution of 1921. In Art. 7 .§ 22 of the latter constitution the pertinent qualifications for judge of a court of appeal were:
... licensed to practice law in the state for at least six years immediately preceding their election....
Defendant argues that the use of the word “admitted” in the present constitution in lieu of the word “licensed” in the previous constitution and the deletion of the word “immediately” are significant and support his position that he is qualified under the present constitution. He concedes that he is not “licensed” as a result of his suspension, but he contends that he retains his admission to the bar despite the suspension. We do not ascribe the same significance to the use of the word “admitted” instead of “licensed”. We hold that “admitted” means eligible to practice. This interpretation is supported by the Supreme Court’s use of the term “readmission” in its decree of suspension. If defendant were presently “admitted” to the practice “readmission” would be unnecessary.
Plaintiff argues that the elimination of the word “immediately” from the present constitution conveys the meaning that one who was admitted to the practice of law for at least five years is qualified as a judicial candidate even though he is no longer admitted prior to the election.
The identical issue was before the court in Gamble v. White, 566 So.2d 171 (La. App.2d Cir.1990), writ denied, 565 So.2d 923 and was resolved as follows:
We hold that the Art. V § 24, requirement that a candidate for district judge “shall have been admitted to the practice of law in this state for at least five years prior to his election” mandates that the candidate be admitted to practice in this state at the time immediately prior to his election and for a total preceding period of at least five years. The phrase “prior to his election” means prior to the date established in accordance with law for the general election in the election process for district judge. Cook v. Campbell, 360 So.2d 1193 (La.App. 2d Cir.1978). However, the five-year period of admission does not necessarily mean a period of five consecutive years. See Calcagno v. Hassinger, 166 So.2d 745 (La.App. 4th Cir.1964).
We subscribe to this view that a lawyer who is suspended from the practice of law is not qualified under the constitution to run for judge.
Accordingly, the judgment is affirmed.
AFFIRMED.
BYRNES, J., dissents.
JONES, J., dissents with reasons.
BRYAN, J., concurs in part, dissents in part.