TREVOR G. BRYAN, Judge Pro Tem.,
concurring in part, dissenting in part.
The question presented to this court, is whether or not applicant, C. Edwards Karst, who has been admitted to the practice of law in this state for more than five *933 years, is ineligible to qualify as a candidate for judge of the Court of Appeal by virtue of the fact that since 1983 he has been suspended from the practice of law by the Supreme Court.
Eligibility for candidacy to the court of appeal is governed exclusively by Art. 5 § 24 of the Louisiana Constitution 1974, which reads as follows:
“A judge of the Supreme Court, a court of appeal, district court or court having solely juvenile jurisdiction shall have been admitted to the practice of law in this state for at least five years prior to his election, and shall have been domiciled in the respective district circuit, or parish for the two years preceding election. He shall not practice law.”
Respondent essentially argues that (1) a candidate for judicial office must be admitted to the bar at the time of his election under La. Const. Art. 5 § 24.(2) that the candidate must have been admitted for a total of five years prior to the election.
Respondent further argues that inasmuch as applicant’s license to practice is currently suspended for a period of time up to the election that he is not presently admitted to practice and thus is ineligible to be a candidate for judge of the court of appeal.
The court in Gamble v. White, 566 So.2d 171 (La.App. 2nd Cir.1990), writ denied, 565 So.2d 923 had occasion to consider these very issues and agreed with the arguments of respondent.
This writer is not troubled by Gamble’s conclusion that “ ‘shall have been admitted to the practice of law in this state for at least five years prior to his election’ mandates that the candidate be admitted to practice in this state at the time immediately prior to his election and for a total preceding period of at least five years.”
To conclude otherwise would allow the anomaly of a disbarred lawyer being eligible to run for judicial office.
However, I must dissent from the majority view and from Gamble’s conclusion that there is no difference between the effects of suspension and disbarment with respect to the interpretation of this constitutional provision.
Under Rule XIX of the Supreme Court governing “Rules for Lawyer Disciplinary Enforcement” there is a clear distinction running throughout the provisions of that rule between the effects of suspension and disbarment. See Section 24 of Rule XIX.
When the effects of a suspension ceases, the lawyer is “reinstated” not “readmitted.” A disbarred lawyer applies for “readmission” not “reinstatement.” Under Rule XIX, a suspended lawyer is still an “admitted” lawyer. A disbarred lawyer is however not admitted to the practice of law.
Consistency may be an impediment to practicality, but it requires us to give the same meaning to the concept of “admission to the practice of law” when it appears in the constitution as obtains when used in the context of Supreme Court Rule XIX. Thus, the applicant is admitted to the practice of law though under suspension.
It is not clear to me from the language of Article 5 § 24 that the people of the state intended to bar lawyers under suspension from being able to run for judicial office though it would seem to be a good idea to do so. To read such a proposition into the constitution, however well intentioned, encroaches upon the voters’ right to select their judges. Without more definitive guidance from the language of the provision, this writer is unwilling to supply language missing from the plain reading of the constitutional provision.