|2PER CURIAM.
This is an action objecting to the candidacy of defendant who qualified as a candidate for judge of this court pursuant to La.R.S. 18:1401 et seq. The trial court disqualified defendant, and she has appealed.
On appeal, appellant filed peremptory exceptions raising the objections of no cause of action and prescription contending the trial court failed to notice and conduct the trial in accordance with La.R.S. 18:1409(A). The appellant also assigns as error the following: 1) Judge Greene erred, after recusing himself, in requesting the Louisiana Supreme Court to appoint a Judge Ad Hoc without a motion to recuse from either the plaintiff or the defendant; 2) Ad Hoc Judge, Linda Holliday, erred in failing to recuse Ad Hoc Judge, Frederick S. Ellis; 3) the trial court erred in setting the trial beyond the four day delay, in accordance with La.R.S. 18:1409(A); and 4) the trial court erred in denying the declinato-ry exception raising the objection of insufficiency of service of process.
*217 Appellant objects to the method of recusal of the judges of the Twenty-Second Judicial District and the appointment of Judge Frederick S. Ellis to hear the suit. Judge Greene is the Chief Judge of the Twenty-Second Judicial District Court. As such he was aware, as were the Justices of the Louisiana Supreme Court, that in litigation pending before the court involving the defendant, all judges had been recused and an ad hoc judge appointed. Recusal on an individual basis in this proceeding would have been time consuming and under the circumstances inappropriate. Faced with the time constraints of an election suit, the method used by Judge Greene and the Supreme Court resulted in a fair and speedy hearing. There is no merit to this assignment of error. Additionally, the record reflects no basis for the recusal of Judge Ellis. Accordingly, Judge Holliday’s action in this regard is affirmed.
These assignments of error have no merit.
The petition objecting to appellant’s candidacy was filed August 3, 1994. The filing of this petition, in the proper court, |3and any mandatory provisions thereafter relating to the handling of the petition do not affect the question of timeliness. By order dated August 5, 1994, Judge Ellis set the matter for trial August 9, 1994, at 10:00 a.m. Because the motion to recuse Judge Ellis was heard at that time, the trial on the merits did not take place until the afternoon of August 9, 1994.
The Election Code does not allocate the responsibility for completing the mandated procedures once the judicial machinery is put into action by the filing of the petition. The trial date is set by the court and matters that are not the responsibility of the litigant will not affect the rights of the parties. Charbonnet v. Braden, 358 So.2d 360 (La.App. 4th Cir.1978).
There is absolutely nothing in the record to indicate that appellant was prejudiced by the delay in the hearing. Since this was the basis for the peremptory exception raising the objection of no cause of action and prescription, these objections are overruled.
This assignment of error is without merit.
As to the sufficiency of service of process, the record reflects the Secretary of State was served as appellant’s agent for service of process on Monday August 8, 1994 and the petition was posted as provided in La.R.S. 18:1406. Furthermore, Ms. Carr was personally served on August 9, 1994, when she appeared in court for the 10:00 a.m. hearing. Had Ms. Carr not appeared on the date set for trial, either in person or through counsel, the court would have appointed a curator ad hoc. La.R.S. 18:1409(A). Since appellant arrived in the proper court at the assigned time, it is obvious appellant had notice.
This assignment of error is without merit.
After a thorough review and evaluation of the record before us, we conclude that the factual findings of the trial court are not clearly wrong, and the legal determinations made are correct. We adopt and attach the written reasons given by the trial court judge. We do note that in the writ action wherein the Louisiana Supreme Court reviewed the criminal conviction of Ms. Carr, the | conviction and sentence were affirmed by the denial of wilts as to these actions. The only contingency to the finality of the conviction and sentence is a determination of Ms. Carr’s competency to proceed at the time of trial. That is the only matter she is entitled to appeal. Consequently, her suspension from the practice of law is still in effect and she is not qualified to be a candidate for the office she seeks.
The judgment of the trial court is affirmed. The appellant is cast for the costs of this appeal.
AFFIRMED.
IsAPPENDIX
JULIAN J. RODRIGUE, JR. v. JACQUELINE CARR
NO. 94-12932 DIVISION “D”
22ND JUDICIAL DISTRICT COURT PARISH OF ST. TAMMANY
STATE OF LOUISIANA
FILED: August 10, 1994
MINUTE CLERK
Vickie R. Gallsway

*218
REASONS FOR JUDGMENT

Jacqueline Carr qualified to run for the office of Judge, First Circuit Court of Appeal, on July 29, 1994. This suit was filed on August 3, 1994, objecting to her candidacy.
The grounds for the objection are:
1) that Ms. Carr “has been convicted of several felonies in the matter of State of Louisiana vs. Jacqueline Carr, bearing docket number 177110, and is currently under an order of imprisonment for a period of six (6) years at hard labor.”; and,
2) that Ms. Carr is presently not admitted to the practice of law.
The evidence offered in support of the first allegation is the bill of information in the above criminal proceeding, charging her with eight counts of theft from the bank account of the Succession of James Moses; minutes of the 22nd Judicial District Court detailing the trial and conviction of Ms. Carr; minute entry of the 22nd Judicial District Court, showing that Ms. Carr was sentenced to serve a term of two years at hard labor, and pay a fine of $3,000 on Counts I and VI of the information; and that she was sentenced to serve a term of six years at hard labor and pay of fine of $3,000 on each of Counts II, III, IV, V, VII and VIII of the information, with all sentences to run concurrently, and all fines to run consecutively.
leThe evidence as to the second ground is an order of the Supreme Court of this State, dated February 22, 1990, ordering that Ms. Carr be suspended from the practice of law, and that her license to practice law be suspended.
Plaintiff contends that, under the above facts, Ms. Carr does not possess the qualifications to be a candidate for the office she seeks.
Louisiana Revised Statute 18:451 provides, in pertinent part:
“No person, whether or not currently registered as a voter with the registrar of voters, shall become a candidate if he is under an order of imprisonment for conviction of a felony.”
Louisiana Revised Statute 18:461(A), which relates to primary elections, contains the same provision.
On the face of the evidence offered, and in the light of the above legal provisions, it would appear that Ms. Carr does, indeed, not meet the qualifications for candidacy.
However, Ms. Carr contends that the above conviction has been reversed. She offers in evidence the opinion of the Court of Appeal, which affirmed her conviction and sentence; and the ruling of the Supreme Court, which reads in part as follows:
“Judge Anzalone is directed to rule on these motions, and to resolve the question of the defendant’s representation by counsel, before conducting the competency hearing. We reserve to the defendant the right to appeal any adverse ruling on the question of her competency to stand trial. In all other aspects, the writ is denied.”
Ms. Carr contends that the effect of the above ruling is to reverse her conviction and sentence, since if her competency was not properly established, she could not have had a valid trial.
From the evidence before me, I am unable to determine the intent of the Supreme Court, because no copy of the writ application is in the record, and I do not know what parts of the judgment of the Court of Appeal were at issue. It may be that the Supreme Court intended that the conviction and sentence would |7stand in the event that Ms. Carr were found to be competent, but I cannot tell from the record before me.
On the second ground, plaintiff relies on Article V, Section 24, of the Constitution of this state, which provides:
“A judge of the supreme court, a court of appeal, district court, family court, parish court, or court having solely juvenile jurisdiction shall have been admitted to the practice of law in this state for at least five years prior -to his election, and shall have been domiciled in the respective district, circuit, or parish for the two years preceding election. He shall not practice law.”
Plaintiff cites Elie v. Karst, 594 So.2d 929 (La.App. 4th Cir.1992), which squarely holds that a lawyer who was suspended from prac *219 tice of law was not qualified to run for election as Judge of Court of Appeal.
Mrs. Carr notes that she was admitted to the practice of law on April 22,1977, and that she practiced until her suspension in 1990. She argues that she has therefore practiced law in Louisiana for five years prior to the election. She states that there is no requirement in the constitution that the five year period be immediately before the election.
This argument was discussed and rejected in Elie v. Karst, supra, in which the court concluded that Article V, Section 24, of the constitution mandates “that the candidate be admitted to practice in the state at the time immediately prior to his election, and for a total preceding period of at least five years.”
Ms. Carr further argues that, since she is still eligible to practice before the United States Court of Appeal, Fifth Circuit, she is licensed to practice law in Louisiana. This argument is without merit. Article V, Section 24, of the constitution requires eligibility to practice before the Louisiana state courts.
Ms. Carr further argues that since her suspension was based on her conviction of theft from the Succession of Moses, and Igsince, she contends, that conviction had been reversed and set aside, the order of suspension is also invalid. She does not contend that the Supreme Court has directly lifted the suspension of her license, and it appears that the order of suspension is otherwise still in full force and effect.
I believe that, if the Supreme Court intended to lift the suspension of Ms. Carr’s license to practice law, it would have said so. Since there is no such order before me, I find that Ms. CaiT is presently, and since February 22, 1990, has been, ineligible to practice law in Louisiana, and therefore, not qualified to run for the office of Judge of the Court of Appeal, under Article V, Section 24, of the Constitution of 1974, and the ruling of Elie v. Karst, supra.
Finally, Ms. Carr filed an exception of no cause of action, at the inception of the trial of this matter. I referred it to the merits of the case. I now overrule the exception which is based on the proposition that Ms. Carr is eligible to run for office, for the reasons hereinabove disposed of.
Covington, Louisiana, August 10, 1994.
/s/ Frederick S. Ellis FREDERICK S. ELLIS JUDGE

^JUDGMENT

This matter came on to be heard on August 9, 1994, pursuant to previous assignment.
Present: Frederick S. Ellis, Judge Julian J. Rodrigue, Jr., represented by William Mysing
Jacqueline Carr, in proper person
When, after hearing evidence and argument of counsel, the court being of the opinion that there should be judgment for plaintiff, for written reasons assigned.
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment in favor of Julian J. Rodrigue, Jr., plaintiff, and against Jacqueline Carr, defendant, disqualifying the said Jacqueline Carr as a candidate for Judge, Court of Appeal, First Circuit, in the October 1, 1994. All costs shall be paid by defendant.
Covington, Louisiana, August 10, 1994.
/s/ Frederick S. Ellis FREDERICK S. ELLIS JUDGE ■