TOBIAS, J.,
concurs and assigns reasons.
hi agree that Taetrece Harrison is eligible to run for the judgeship for which she has qualified as a candidate for the following reasons:
La. Const, art. V, § 24, as originally enacted in 1974, read:
A judge of the supreme court, a court of appeal, district court, family court, parish court, or court having solely juvenile jurisdiction shall have been admitted to the practice of law in this state for at least five years prior to his election and shall have been domiciled in the respective district, circuit, or parish for the two years preceding election. He shall not practice law. [Emphasis supplied.]
La. Acts, No. 860 (2006) proposed a constitutional amendment, which the electors accepted. La. Const, art. V, § 24 now reads:
(A) A judge of the supreme court, a court of appeal, district court, family court, parish court, or court having solely juvenile jurisdiction shall have been domiciled in the respective district, circuit, or parish for one year preceding election and shall have been admitted to the practice of law in the state for at least the number of years specified as follows:
(1) For the supreme court or a court of appeals — ten years.
(2) For a district court, family court, parish court, or court having solely juvenile jurisdiction — eight years.
(B) He shall not practice law. [Emphasis supplied.]
li>The amendment removed the specific language “preceding election,” with regard to the years admitted to the practice of law. I find, however, that the legislature did not intend to change the law in this respect.
I start with the jurisprudential rule that candidacies for public office are favored and the courts should uphold a candidacy if an interpretation of the laws would promote the candidacy. Landiak v. Richmond, 05-0758, p. 7 (La.3/24/05), 899 So.2d 535, 541; Becker v. Dean, 03-2493, p. 7 (La.9/18/03), 854 So.2d 864, 869; Russell v. Goldsby, 00-2595, p. 4 (La.9/22/00), 780 So.2d 1048, 1051; Ogden v. Gray, 12-1314, pp. 3-4 (La.App. 4 Cir. 9/11/12), 99 So.3d 1088, 1091, writ denied, 12-2041 (La.9/17/12), 98 So.3d 315; Scaglione v. Juneau, 10-1109, p. 12 (La.App. 4 Cir. 8/4/10), 45 So.3d 191, 199, unit denied, 10-1831 (La.8/9/10), 42 So.3d 380; Williams v. Fahrenholtz, 08-0961, p. 7 (La.App. 4 Cir. 7/25/08), 990 So.2d 99, 104, writ denied, 08-1680 (La.7/30/08), 986 So.2d 671, cert, denied, 555 U.S. 1045, 129 S.Ct. 627, 172 L.Ed.2d 609 (2008).
Ms. Harrison was admitted and licensed to the practice of law in Louisiana on 13 October 2006. On both the date of the *36 primary and general election, Ms. Harrison will have been licensed to practice law in Louisiana for more than eight years. It is undisputed that she has been domiciled in Orleans Parish for more than one year at the time she qualified for the office of judge at issue herein.
Our sister courts interpreted § 24, as originally enacted, finding that if a candidate had the requisite number of years of admission to the practice of law on the date of the general election, then the candidate was qualified to stand for that election. Cook v. Campbell, 360 So.2d 1193, 1196 (La.App. 2nd Cir.), writ den., 362 So.2d 573 (La.1978), citing Knobloch v. 17th Judicial Dish Democratic Exec. Com., 73 So .2d 433 (La.App. 1st Cir.1954); Aiple v. Naccari, 454 So.2d 894 (La.App. 5th Cir.), writ den., 456 So.2d 151 (La. 1984). Moreover, regardless of the type or quantity of practice the lawyer has previously handled or specialized in, the latest for determining qualification is the period of time that the lawyer has . been licensed to practice law in Louisiana. Elie v. Karst, 594 So.2d 929, 930 (La.App. 4th Cir.1992); Gamble v. White, 566 So.2d 171, 172 (La.App. 2nd Cir.), writ den. 565 So.2d 923 (La.1990).
The 2006 regular session of the Louisiana Legislature enacted by joint resolution “Act 860,” which reads in its entirety as follows:
A JOINT RESOLUTION
Proposing to amend Article V, Section 24 of the Constitution of Louisiana, to provide for the qualifications of office for judges; to provide for submission of the proposed amendment to the electors; to provide for an effective date; to provide for applicability; and to provide for related matters.
Section 1. Be it resolved by the Legislature of Louisiana, two-thirds of the members elected to each house concurring, that there shall be submitted to the electors of the state of Louisiana, for their approval or rejection in the manner provided by law, a proposal to amend Article V, Section 24 of the Constitution of Louisiana, to read as follows:
§ 24. Judges; Qualifications
Section 24.(A) A judge of the supreme court, a court of appeal, district court, family court, parish court, or court having solely juvenile jurisdiction shall have been domiciled in the respective district, circuit, or parish for one year preceding election and shall have been admitted to the practice of law in the state for at least the number of years specified as follows:
(1) For the supreme court or a court of appeals — ten years.
(2) For a district court, family court, parish court, or court having solely juvenile jurisdiction-eight years.
(B) He shall not practice law.
Section 2. Be it further resolved that this proposed amendment shall be submitted to the electors of the state of Louisiana at the statewide election to be held on September 30, 2006.
Section 3. Be it further resolved that on the official ballot to be used at said election there shall be |4printed a proposition, upon which the electors of the state shall be permitted to vote FOR or AGAINST, to amend the'Constitution of Louisiana, which proposition shall read as follows:
To provide that a person shall have been admitted to the practice of law for ten years preceding election to the supreme court or a court of appeals and for eight years preceding election to a district court, family court, parish court, or court having solely juvenile jurisdiction; and
*37 to decrease the requirement that a person be domiciled in the respective district, circuit, or parish from two years to one year preceding election. Effective January 1, 2008, and applicable to any person who is elected to the office of judge on and after January 1, 2008. (Amends Article V, Section 24)
Section 4. Be it further resolved that the provisions of this Amendment shall become effective on January 1, 2008, and shall be applicable to any person who is elected to the office of judge on and after January 1, 2008. [Emphasis supplied.]
When 2006 La. Acts, No. 860 (“the Act”)[1] was adopted by the legislature by joint resolution of the house and senate, the legislature, as evidenced by Section 3, did not intend to change the law. The Act contains a title and is confined to one object as required by La. Const. Art. XIII, § 1(B). Section 3 of the Act, which | ¡jStates how the proposed amendment shall appear on the ballot submitted to the electors, while not required by the constitution, see Rotará v. City of New Orleans, 213 La. 843, 854-856, 35 So.2d 752, 755-756 (1948); Forum for Equality PAC v. McKeithen, 04-2477, 04-2523 (La.1/19/05), 893 So.2d 715, evidences the legislature’s intent to change only the required years to be admitted to the bar to run for a particular judgeship and not to the deadline by which the requirement was to be met.
Section 3 is meaningful because the object of the amendment, i.e., the actual language of the amendment, is ambiguous.[2] I thus respectfully concur with the majority’s decision to affirm the trial court’s decision holding that Ms. Harrison may run in the 4 November 2014 primary election.[3]
Ms. Harrison is not currently a judge. If elected, she would be a judge as of 1 January 2015. Under § 24 is it now reads, she can serve. If she can serve because she will have been admitted to practice law for more than eight years at the time her service begins, it stands to reason that she can run for the office.
What makes this analysis undesirable is that a literal reading would mean that a person admitted to practice law for several years less than the constitutional eight years could run for a judgeship even though that individual would not be eligible to serve as a judge, if elected, on the first day of the term of office because the person has not been admitted to practice law for eight years.
I don't think the legislature intended that result when it adopted by joint resolution the Act.
*38 I also respectfully concur with the majority’s holding that Ms. Harrison is not entitled to recover costs and attorney’s fees. I note that although Ms. Harrison answered the appeal requesting the relief, she did not brief the issue to this court. Under Rule 2-12.4 B(4) of the Uniform Rules of the Courts of Appeal, the issue of costs and attorney’s fees is deemed abandoned and should not be considered by this court.

.Technically, the Act is not per se an act. It is a joint resolution of the legislature which requires no signature of the governor. A constitutional amendment is proposed to electors of the state by the legislature. La. Const, art. XIII, § 13 states in pertinent part:
(A)(1) Procedure. An amendment to this constitution may be proposed by joint resolution at any regular session of the legislature, .... If two-thirds of the elected members of each house concur in the resolution, pursuant to all of the procedures and formalities required for passage of a bill except submission to the governor, the secretary of state shall have the proposed amendment published once in the official journal of each parish within not less than thirty nor more than sixty days preceding the election at which the proposed amendment is to be submitted to the electors. Each joint resolution shall specify the statewide election at which the proposed amendment shall be submitted....
[[Image here]]
(B) Form of Proposal. A proposed amendment shall have a title containing a brief summary of the changes proposed; shall be confined to one object; and shall set forth the entire article, or the sections or other subdivisions thereof, as proposed to be revised or only the article, sections, or other subdivisions proposed to be added.... [Emphasis supplied.]

. I acknowledge that one may read § 24 literally and reach the same result.

. I recognize that this interpretation creates a possible conflict between § 24 and La. R.S. *38 18:451, which mandates that “[e]xcept as otherwise provided by law, a candidate shall possess the qualifications for the office he seeks at the time he qualifies for that office.” However, because (a) § 24 specifically relates to candidates for judgeship and (b) constitutional provisions prevail over statutory provisions, the constitutional provision has primacy. Stated another way, when a statute conflicts with a provision of the constitution, the statute must fail. M.J. Farms, Ltd. v. Exxon Mobil Corp., 07-2371, p. 22 (La.7/1/08), 998 So.2d 16, 32.