JAMES RYAN NEWHART       *       NO. 2020-CA-0374

VERSUS       *       COURT OF APPEAL

DIEDRE PIERCE KELLY AND    *       FOURTH CIRCUIT
ARTHUR MORRELL, IN HIS
OFFICIAL CAPACITY AS       *       STATE OF LOUISIANA
CLERK OF COURT FOR THE
PARISH OF ORLEANS, STATE    *
OF LOUISIANA
                                  *
                    * * * * * * *

CONSOLIDATED WITH:                 CONSOLIDATED WITH:

C. GARY WAINWRIGHT                  NO. 2020-CA-0375

VERSUS

DIEDRE PIERCE KELLY AND
THE HONORABLE ARTHUR A.
MORRELL

*SCJ*

**JENKINS, J., CONCURS IN PART AND DISSENTS IN PART WITH REASONS**

I respectfully dissent from the majority's affirmation of the trial court's judgment overruling Appellants' objection to Ms. Kelly's candidacy and its finding that Ms. Kelly has been admitted to the practice of law for the requisite period of eight years, pursuant to La. Const. Art. 5, §24. For the following reasons, I find that the clear wording of La. Const. Art. 5, §24, stating "shall have been admitted to the practice of law" for the requisite number of years, requires that a candidate for judicial office must have been fully admitted to the practice of law, meaning authorized and eligible to practice law for the requisite number of years. *See Elie v. Karst*, 594 So.2d 929, 930 (La. App. 4th Cir. 1992) ("We hold that 'admitted' means eligible to practice."). Thus, an attorney who is suspended from the practice of law and unauthorized to practice law is not "admitted to the practice of law" during that period of suspension. Accordingly, I find that the period of time during

1

which Ms. Kelly was suspended from the practice of law must be excluded from the calculation of the constitutionally required number of years of admission to the practice of law, and, consequently excluding the 19 months and 9 days of her suspension, Ms. Kelly does not meet the required qualifications for the judicial office she seeks.

La. Const. Art. 5, §24 sets forth two explicit qualifications for judicial office—one year of domicile in the respective district and a requisite number of years of admission to the practice of law, dependent on the judicial office. For the judicial office of district court judge, La. Const. Art. 5, §24(A)(2) requires that a judge "shall have been admitted to the practice of law in the state for at least" eight years. In this case, Ms. Kelly qualified for the judicial office of Orleans Parish Criminal District Court. Accordingly, to meet the constitutional requirement, Ms. Kelly must have been admitted to the practice of law in Louisiana for at least eight years.

As noted by the majority, the record reflects and the parties do not dispute that Ms. Kelly was admitted to the practice of law in Louisiana on October 20, 2011, which is more than eight years. On April 2, 2015, Ms. Kelly was suspended from the practice of law for one year and one day by the Louisiana Supreme Court; and, following the required procedure for Reinstatement and Readmission pursuant to Louisiana Supreme Court Rule XIX, §24, she was officially reinstated by order of the Louisiana Supreme Court on November 15, 2016. Consequently, Ms. Kelly was suspended from the practice of law for a period of 19 months and 9 days.[1]

---

[1] Louisiana Supreme Court Rule XIX, Rules for Lawyer Disciplinary Enforcement, does not provide for automatic reinstatement for a lawyer who has been suspended for a period of more than one year. Rule XIX, §24 provides a detailed procedure for applying for reinstatement or readmission for "a disbarred lawyer or a suspended lawyer who has served an active suspension of more than one year." Accordingly, this procedure must be followed and the application reviewed and approved before the lawyer is officially reinstated, regardless of the length of time of such administrative process. The Louisiana Supreme Court has not provided for, either by Rule or by jurisprudence, any retroactive reinstatement of a lawyer who has been suspended for more than a year. Such a policy decision is within the explicit purview of the Louisiana Supreme Court.

2

At issue is whether Ms. Kelly's 19-month suspension must be excluded from the calculation of the constitutionally required number of years that a judge "shall have been admitted to the practice of law" to determine Ms. Kelly's qualification for judicial office under La. Const. Art. 5, §24.

Thus, in this appeal, this Court must ascertain the intent and give effect to the language of the constitutional provision at issue. *See Ocean Energy, Inc. v. Plaquemines Parish Govt*, 04-0066, pp. 6-7 (La. 7/6/04), 880 So.2d 1, 7. "The starting point in the interpretation of constitutional provisions is the language of the constitution itself." *Id*. "The words of a law must be given their generally prevailing meaning." La. C.C. art. 11. "When the language of the law is susceptible of different meanings, it must be interpreted as having the meaning that best conforms to the purpose of the law." La. C.C. art. 10. In addition, "[w]hen construing an ambiguous constitutional provision, a court should ascertain and give effect to the intent of both the framers of the provision and of the people who adopted it … in the case of an apparent conflict, it is the intent of the voting population that controls." *Ocean Energy*, 04-0066, p. 7, 880 So.2d at 7. In this case, while I agree with the majority that the phrase "shall have been admitted to the practice of law" is susceptible to more than one reasonable interpretation, I find, based on this Court's own jurisprudence, that the meaning that best conforms to the purpose of the law is that "admitted to the practice of law" is the equivalent of being eligible or authorized to practice law. *See Elie*, 594 So.2d at 930.

In *Elie*, the defendant/candidate was suspended from the practice of law at the time that he qualified for the judicial office of court of appeal, but, prior to that suspension, the defendant had been admitted to the practice of law for more than the requisite number of years. At that time, the relevant requisite set forth by La. Const. Art. 5, §24, provided, "[a] judge of … court of appeal … shall have been admitted to the practice of law in this state for at least five years prior to his

3

election…". The issue raised was whether his suspension from the practice of law at the time of the election disqualified him as a candidate. Reviewing his arguments in favor of upholding his candidacy, this Court stated:

> He concedes that he is not "licensed" as a result of his suspension, but he contends that he retains his admission to the bar despite the suspension. We do not ascribe the same significance to the use of the word "admitted" instead of "licensed". We hold that "admitted" means eligible to practice. This interpretation is supported by the Supreme Court's use of the term "readmission" in its decree of suspension. If defendant were presently "admitted" to the practice "readmission" would be unnecessary.

*Elie*, 594 So.2d at 930. Thus, this Court held that the defendant was not admitted to the practice of law due to his suspension from the practice of law.

But, in this appeal, the majority does not follow the reasoning or holding of *Elie*. Rather than relying on this Court's explicit holding that "'admitted' means eligible to practice", the majority follows the following sentence of that opinion, finding support from the Supreme Court's use of the term "readmission" in the decree of suspension in that case. But I do not see the issue here as the distinction between "readmission" or "reinstatement" upon the completion of the period of suspension. The issue is what effect an attorney's suspension from the practice of law has on her admission to the practice of law. And I find that this Court's holding in *Elie*—that "admitted" means eligible to practice—provides the "meaning that best conforms to the purpose of the law" regarding qualifications for judicial office. *See* La. C.C. art. 10. Moreover, I find guidance, as did this Court in *Elie*, from the Second Circuit's decision in *Gamble v. White*, 566 So.2d 171 (La. App. 2nd Cir. 1990).

In *Gamble*, as in *Elie*, the candidate was disqualified for judicial office on the basis of his suspension from the practice of law at the time of qualifying and as of the date of the election. In finding that the candidate failed to meet the

4

constitutional qualifications based on his present suspension, the Second Circuit stated as follows:

> We observe the fact that Mr. White was suspended rather than disbarred is a distinction without consequence in this case  The effect of the [S]upreme [C]ourt's decision in appellant's disciplinary proceedings was to deprive appellant of all the privileges which he had theretofore enjoyed as an attorney under the license given him by the Court to practice as an attorney.

*Gamble*, 566 So.2d at 172 (citing *State v. Richardson*, 125 La. 644, 51 So. 673 (1910)).

Although the present case does not present the same scenario as in *Gamble* or *Elie*, in which the qualifying candidate is suspended at the time of qualification and election, I find that the relevant analysis brings about the same conclusion as in those cases.  These cases hold that "admitted to the practice of law" means eligible to practice law; and, suspension from the practice of law makes an attorney ineligible to practice law.  An attorney who is suspended by the Louisiana Supreme Court is deprived of the privileges enjoyed as part of admission to the practice of law, including not engaging nor attempting to engage in the unauthorized practice of law during the period of suspension.  Thus, I find the logical consequence of a period of suspension, during which an attorney is not authorized to even attempt to engage in the practice of law, is that it cannot accrue towards a constitutional requisite number of years of admission to the practice of law in qualifying for a judicial office.

Moreover, I find that the majority's holding in this case in effect overrules *Elie*.  If, as I interpret the majority's holding in this case, an attorney is still admitted to practice law even during the period of suspension, then why would the timing of that suspension have any effect on the attorney's qualification under La. Const. Art. 5, §24, assuming that the requisite number of years had elapsed since the attorney was originally admitted?  I find that the majority does not adequately

5

address this conflict with *Elie*, and that the majority's holding in this case ignores the explicit holding in *Elie* that "'admitted' means eligible to practice." 594 So.2d at 930.

Finally, while I acknowledge that disqualification for elected office is a harsh remedy, I also note that this constitutionally required qualification was amended by a vote of electorate in 2006, increasing the requisite number of years of admission to the practice of law from five years to eight years. *See* La. Acts 2006, No. 860, §1 (amended June 21, 2006, approved by statewide election September 30, 2006, eff. January 1, 2008). Thus, both the Legislature and the electorate have determined that the qualifications for judicial office include a robust experience in the practice of law, and that qualification must be given an appropriate meaning and effect. *See Ocean Energy*, 04-0066, pp. 7-8, 880 So.2d at 7 ("In construing a constitutional provision, the courts may consider the object sought to be accomplished by its adoption").

As to Appellant Newhart's second assigned error, regarding Ms. Kelly's failure to file Form 100, I concur with the majority in pretermitting that issue.

In conclusion, for the foregoing reasons, I would reverse the trial court's judgment overruling Appellants' objection to the candidacy of Ms. Kelly and disqualify her as a candidate for the judicial office of district court judge.

6